Denver McMATH, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

July 21, 1976.

Certiorari Denied by Supreme Court Dec. 6, 1976.

Gene Griffin and Robert H. Feeney, Ortwein, Feeney & Griffin, Chattanooga, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty., Gen., Nashville, Stephen M. Bevil and Thomas J. Evans, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

O'BRIEN, Judge.

## OPINION

Defendant has raised several assignments of error on this appeal from his conviction for third degree burglary. He was considered as a habitual criminal under the provisions of T.C.A. Sec. 40–2801 and sentenced to confinement for life in the State Penitentiary.

The defendant filed a plea in abatement and a motion to quash on the day before the trial date. The plea in abatement was treated as a motion to dismiss and each was overruled. Defendant cites this ruling of the trial court as error.

The motion to quash the indictment was predicated on the premise that he was indicted as a habitual criminal by action of the grand jury without a prior preliminary hearing. That since he was not originally charged with this violation the action of the grand jury in returning an indictment was improper and a presentment would have been the proper course in such a case.

Defendant was afforded a preliminary hearing on the charge for which the arrest warrant issued. At the time of his arrest, indictment, and trial, there was no statutory requirement entitling him to a preliminary hearing absent a request made after his arrest pursuant to a warrant. The law

specifically provides that upon inquiry into all indictable or presentable offenses committed or triable within the county, the grand jury shall present them to the court by indictment or presentment. T.C.A. Sec. 40–1606.

■ For his second assignment defendant contends that T.C.A. Sec. 40–1507 violates his Sixth Amendment constitutional rights because it provides that every person appointed as foreman of a grand jury . . . . . . . . . . . . shall be a good and lawful man . . . . . . . . ., and therefor denies him the right to have the charges against him considered by a fair cross section of the community because women are systematically excluded. He relies on the United States Supreme Court case of *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690. T.C.A. Sec. 1–304 provides, inter alia, "Words importing the masculine gender include the feminine and neuter;". Defendant has offered no satisfactory evidence that the selection process systematically excludes women from the position. The assignments are overruled.

The remaining assignments complain about admission of evidence of prior convictions contained in Count II of the indictment charging him as an habitual criminal. Assignments three (3) and four (4) apply to specific prior convictions.

■ Defendant says the fourth listed conviction in the indictment should not have been introduced over his objection due to a fatal variance between the indictment and proof because the docket number listed did not involve an offense committed by him.

In regard to the alleged variance between the indictment and the proof, the indictment indicates defendant was convicted on November 5th, 1973 in the Hamilton County Criminal Court under Docket No. 124829 for grand larceny which occurred on January 7th, 1973. The evidence showed that defendant pleaded guilty under Docket No. 124849 to the offense of grand larceny which occurred on January 7th, 1973. The trial court's minutes indicated that the case had been indexed erroneously under Docket No. 124829. The error had been subsequently noted and corrected. The case was included in the minutes under the proper docket number which was also on the case trial jacket. We do not find such a fatal variance between the indictment and the evidence as would void defendant's conviction as an habitual criminal. Nor do we find these assignments sustained by the authority cited by defendant. He relies on *Cumbo v. State,* 205 Tenn. 260, 326 S.W.2d 454, in which it was said:

> The allegation as to a previous conviction in application of the Habitual Criminal Statute, "is sufficient if it advises the accused of what conviction he must prepare to defend and enables the court to determine if the statute imposing a greater penalty applies". 25 American Jurisprudence, page 273, and cases there cited; and see annotations in 82 A.L.R. 368, 369.

The indictment in this case was returned on February 5th, 1975. Defendant was not put to trial until April 3rd, 1975. The pleas and motions to quash or dismiss the indictment technically came too late, although they were considered by the trial judge. Additionally he was entitled to demand and have from the State a written statement of the felonies and prior convictions forming the basis of the charge of habitual criminality setting forth the nature of each such felony, and the time and place of each prior conviction at least twenty (20) days prior to his trial date. T.C.A. Sec. 40–2803. The discrepancy in the docket number contained in the indictment was no more than harmless error.

■ Defendant says either the fourth or fifth conviction listed in the indictment should have been stricken because both offenses occurred on the same day. We do not agree. There was no objection for this reason to their admission at trial. The case of *Frazier v. State,* 485 S.W.2d 877, Tenn. Cr.App.1972, cited by defendant, does not support the defense theory. This case holds that more than one conviction for offenses committed on the same day should be

considered as only one offense for the purpose of the habitual criminal prosecution. It was proper that both of these convictions be submitted in evidence to the jury in case that one of the convictions offered by the State to support the charge as an habitual criminal should fail. In such event it is possible the charge as an habitual criminal could not be sustained.

This leads us to the final assignment which charges it was error to allow evidence to be heard by the jury of all defendant's prior convictions before a ruling on whether or not any of those should have been stricken as insufficient to support the charge as an habitual criminal.

It is argued on behalf of defendant that several of the prior convictions stated in the indictment were not sufficient under the statutes to sustain a conviction as a habitual criminal, and evidence of these prior convictions should not have been submitted to the jury.

T.C.A. Sec. 40–2801 provides that any person who has been three times convicted of felonies, not less than two (2) of which are among those specified in certain Code Sections ......... shall be considered, ........... and is declared to be an habitual criminal. T.C.A. Sec. 40–2805 indicates that these matters are subject to inquiry by a jury. The case law expresses the view that it is not error to permit the State to introduce evidence of more convictions than the statute requires because of the possibility that the validity of some of the convictions of prior offenses may be successfully disputed by the defense. See *Haggard v. Henderson*, 382 F.2d 288, cert. denied, 389 U.S. 1024, 88 S.Ct. 600, 19 L.Ed.2d 672.

All assignments are overruled and the judgment of the trial court affirmed.

GALBREATH and RUSSELL, JJ., concur.