Robert Leroy **CLAYBORNE**, Petitioner,

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

March 31, 1980.

Ural B. Adams, Jr., Shelby County Public Defender, Walker Gwinn, Appellate Counsel, Public Defender's Office, Memphis, for petitioner.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

FONES, Justice.

Defendant was convicted of armed robbery and sentenced to ten years in the penitentiary. He was also found to be an habitual criminal and the armed robbery sentence was enhanced to life imprisonment. We granted certiorari to examine defendant's conviction as an habitual criminal under T.C.A. § 40–2801 et seq.

We find that applying the statutory requirement that each of the three prior convictions, "[s]hall be for separate offenses, committed at different times, and on separate occasions," the State's tabulation of prior offenses is inadequate to sustain the conviction, as a matter of law.

The indictment charged and the State proved that defendant had been convicted of four separate felonies in the criminal court of Shelby County, Tennessee. However, two of the felonies were committed on the same occasion, on October 21, 1974, and the other two felonies were committed on the same occasion, on or about December 19, 1974.

## I.

In docket number B–44293 and B–44294 defendant was indicted for two counts of robbery with a deadly weapon, and he pled guilty to simple robbery in each case. The undisputed proof, insofar as relevant here, was that defendant and Isaiah Holloway entered a shop in a group of stores located at Highland and Southern, in Memphis, and appropriated two leather jackets valued at four hundred dollars. They were in the act of leaving when accosted by a clerk, whereupon defendant brandished his pistol, deterred the clerk, and the two robbers left the shop and ran west on Southern Avenue to an apartment complex at 3341 Southern Avenue, where they saw one Robert Loeb about to enter his automobile. Defendant and his companion took Loeb's keys at gunpoint and departed with the leather jackets and Loeb's vehicle.

The Court of Criminal Appeals held that those two felonies were not committed at different times and on separate occasions as required by T.C.A. § 40–2801 and, therefore, counted as only one felony, citing *Frazier v. State*, 485 S.W.2d 877 (Tenn.1972). In *Frazier*, the Court held that five separate burglary convictions should be counted as only one offense, for the purpose of the habitual criminal prosecution, because the proof showed that all five were committed on the same date against separate tenants in the same building.

The State insists that the two felony offenses in the instant case were not committed "simultaneously," were not directly related to each other, and should qualify as two offenses under the statute. The theft of the auto was committed within minutes of the stealing of the jackets and for the purpose of escaping that robbery. While the two felonies were separate offenses, they cannot be said to have been committed at different times and on separate occasions, phrases that clearly preclude an interpretation that the Legislature intended, "simultaneously." The two felonies were committed on one occasion.

## II.

Defendant's convictions in docket numbers B–45410 and B–45411 were for offenses that occurred at the same time, at the same place, and as a result of buying from one person, property stolen from two persons. The two offenses present a rare example of two crimes committed simultaneously.

As a result of a disturbance at the Howard Johnson Motor Lodge at Lamar and Cleveland, in Memphis, defendant was arrested on December 21, 1974, and held for investigation of an unspecified offense that apparently did not result in an indictment. After the arrest, defendant was searched and the police found in his pockets a Union 76 credit card issued to Stanely Stanz and a driver's license and social security card issued to Earline Knowles.

Defendant was indicted and convicted of receiving Stanz's credit card, knowing it to be stolen and with intent to use it, in violation of T.C.A. § 39–1971(a).[1] He was also indicted and convicted of receiving and concealing stolen property, to wit, the social security card and driver's license of Earline Knowles.

The record reveals that defendant was in a crap game about two days before his arrest on December 21, 1974, and that during or after the crap game he bought Stanz's credit card and Knowles's social security card and driver's license from Clyde Bonneville. Defendant testified that he acquired all three items at the same time and in the same transaction with Bonneville. Clearly, those two offenses occurred at the same time and on the same occasion and

---

1. Renumbered T.C.A. § 39–1946(a) in the 1975 Replacement Volume.

can be considered as only one offense for the purpose of supporting an habitual criminal conviction.

The State must show that defendant had committed three offenses that fall within the ambit of T.C.A. § 40–2801, at the time he committed the fourth qualifying offense, as a prerequisite to a finding, after conviction of the fourth offense, of habitual criminal status and enhancement of the fourth sentence. *See Evans v. State*, 571 S.W.2d 283 (Tenn.1978). The State proved only two qualifying prior felonies.

The habitual criminal conviction and life sentence is reversed and set aside, and the conviction of robbery with deadly weapon and sentence of ten years in the penitentiary in docket number B–59944 of the Criminal Court of Shelby County is affirmed, and this case is remanded to that court for the entry of an appropriate judgment.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ.