**STATE of Tennessee, Appellant,**

v.

**Phillip Kevin COOK, Appellee.**

Supreme Court of Tennessee,
at Nashville.

Aug. 12, 1985.

David M. Himmelreich, Asst. Atty. Gen., Nashville (W.J. Michael Cody, Atty. Gen. and Reporter, Nashville, of counsel), for appellant.

Gary Mason Jones, Sr. Asst. Public Defender, Nashville, for appellee.

OPINION

BROCK, Justice.

Defendant was convicted of two counts of armed robbery and two counts of being an habitual criminal. He received two consecutive life sentences. The Court of Criminal Appeals, with one judge dissenting, reversed the habitual criminal convictions, finding that two of the three predicate convictions relied upon by the State were for offenses committed at the same time and on the same occasion and thus constituted only one conviction under the habitual criminal statute. We granted the application of the State for permission to appeal the re-

versal of the habitual criminal convictions, and now reverse the judgment of the Court of Criminal Appeals on that issue.

The State relied upon three prior convictions in its proof on the habitual criminal counts. The first conviction was for grand larceny committed in Jasper County, Indiana, on April 15, 1979. The second conviction was for armed robbery and grand larceny committed on February 24, 1979, in Barren County, Kentucky. The third conviction was for armed robbery committed in Hart County, Kentucky, also on February 24, 1979. The State's proof established that the Hart County offense and the Barren County offenses were committed approximately 40 minutes and 6 miles apart, and against unrelated victims. Defendant committed the Hart County offense with the aid of accomplices and committed the Barren County offenses alone. In the Hart County robbery, the defendant used an automobile. In the Barren County offenses, he arrived on foot and stole a car to escape.

Under T.C.A., § 39–1–801, each of the three prior convictions relied upon to establish habitual criminality must be "for separate offenses, committed at different times, and on separate occasions." Although the Court of Criminal Appeals found that the Hart County offense and the Barren County offenses were not committed at different times or on separate occasions, defendant concedes that the offenses occurred at different times. He argues, however, that the Court of Criminal Appeals was correct in finding that the offenses did not occur on different occasions because they occurred on the same day.

Two Tennessee cases, *Frazier v. State,* Tenn., 485 S.W.2d 877 (1972), and *McMath v. State,* Tenn.Crim.App., 544 S.W.2d 902 (1976), tend to support defendant's argument. In *Frazier,* this Court held that five burglaries, all committed on the same day against separate tenants in the same building should be considered as only one offense for purposes of an habitual criminal prosecution. The precise time period in which the burglaries occurred is not re-flected in the opinion. In *McMath,* the Court of Criminal Appeals characterized *Frazier* as holding simply that two or more offenses committed on the same day constitute only one offense under the habitual criminal statute.

In a recent case, *Clayborne v. State,* Tenn., 596 S.W.2d 820 (1980), we placed significance upon the relationship between two offenses in determining whether they were committed at different times and on different occasions. The proof in *Clayborne* established that Clayborne and an accomplice committed a robbery in a store, and, as they ran from the scene, they robbed a second victim of his automobile, which they used to make their escape. The offenses were thus committed within a very short time and within a very short distance of each other. In addition, the second offense was committed during the perpetrators' departure from the scene of the first offense and in furtherance of their efforts to escape. On those facts we held that the offenses were not committed at different times or on different occasions.

■ We reject defendant's argument that the language "on different occasions" should be construed as meaning "on different days" or "not within the same 24 hour period," as such a strained construction is contrary to the natural meaning of the words.

The defendant points out that the legislature has defined persistent offender as one who has received a certain number of prior felony convictions for offenses committed within a specified number of years, with the following limitation:

"The conviction for two (2) or more felonies committed as part of a single course of conduct within a period of twenty-four (24) hours during which there was no substantial change in the nature of the criminal objective constitutes one (1) conviction for purposes of determining prior convictions under this section, but offenses resulting in bodily harm to another person committed while attempting to escape detection or apprehension, or in bodily harm to more than one person are

not part of the same criminal objective; ...."

T.C.A., § 40–35–106(b)(1).

As is evident from a reading of the provision above, the legislature is capable of specifying a particular time period if it chooses to do so. Its failure to do so in the habitual criminal statute further convinces us that it did not intend to classify all offenses committed on a single day as one offense.

The similar term, "separate occasions" is contained in a California statute governing the sentencing of persons convicted of violent sex offenses. In construing that phrase, the court in *People v. Reeder*, 152 Cal.App.3d 900, 200 Cal.Rptr. 479 (1984), concluded that

"[T]he Legislature's use of the phrase 'separate occasions' ... imposes a requirement of detachment of one episode from another.... By detachment we mean an interruption in the criminal activity of sufficient duration or nature that the end of one ... episode and the start of another can be ascertained with reasonable certainty." (Footnote omitted.)

152 Cal.App.3d at 915, 200 Cal.Rptr. at 490.

We approve of the focus of the California court's interpretation of the phrase "separate occasions" on the continuity of the criminal conduct, rather than on a period of time. We are of the opinion that the phrase "on different occasions" in T.C.A., § 39–1–801, was similarly intended to refer to separate events or happenings, each unrelated to the other or others.

Applying the above standard to the facts of this case, we have no hesitation in holding that the Hart County offense and the Barren County offenses were sufficiently unrelated so as to have been committed on separate occasions under the habitual criminal statute. The State thus proved three prior specified offenses. Accordingly, the Court of Criminal Appeals erred in reversing the habitual criminal convictions.

The judgment of the Court of Criminal Appeals is reversed, and the convictions are reinstated and affirmed. Costs of this appeal are taxed against the defendant-appellee.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.