STATE of Tennessee, Appellee,

v.

James MOORE, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

March 16, 1988.

Permission to Appeal Denied by Supreme Court May 31, 1988.

Jesse H. Ford, III, Jackson, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, Norma C. Ballard, Asst. Atty. Gen., Nashville, Jerry Woodall, Dist. Atty. Gen., R. Leigh Grinalds, Asst. Dist. Atty. Gen., Jackson, for appellee.

**OPINION**

JONES, Judge.

The defendant, James Moore, was indicted by the Madison County Grand Jury for bank robbery and being an habitual criminal. The defendant was convicted of bank robbery on the 13th day of November, 1984, by a jury of his peers. However, the jury could not reach a verdict as to whether the defendant was an habitual criminal, and the trial court declared a mistrial.

A sentencing hearing regarding the defendant's status as an habitual criminal was conducted in February of 1986. When the jury could not reach a verdict regarding the defendant's status as an habitual criminal, the trial court was again required to declare a mistrial. On the 13th day of May, 1987, a third sentencing hearing was conducted. On this occasion the jury returned a verdict finding the defendant guilty of being an habitual criminal, and the defendant was sentenced to life in the Department of Correction.

When the trial court denied the defendant's motion for a new trial, he appealed as of right to this Court pursuant to Rule 3(b), Tenn.R.App.P.

ISSUES PRESENTED FOR REVIEW

The defendant has presented three (3) issues for our review. He contends the evidence is insufficient to support a finding that he is a habitual criminal, the trial court committed error in refusing to give his special request to the jury, and the trial court committed error in giving supplemental instructions.

SUFFICIENCY OF THE EVIDENCE

■ The State established that the defendant had been convicted of five (5) prior offenses of third degree burglary. On December 16, 1975, the defendant entered pleas of guilty and was convicted for the burglary of two separate businesses. The first offense was alleged to have occurred on the ____ day of June, 1975. The second burglary was alleged to have occurred on the ____ day of July, 1975.

On February 2, 1978, the defendant entered pleas of guilty and was convicted for the burglary of three separate businesses. All three indictments alleged the offense occurred on the ____ day of October, 1977. The State made no attempt to establish the date or dates the offenses were committed. The record does not reveal the time of day the offenses were committed or the location of the business establishments bur-

glarized. The defendant testified all three of these offenses occurred on the same night as part of a continuing transaction. See *State v. Cook*, 696 S.W.2d 6 (Tenn. 1985).

In his brief the defendant states he seeks "a finding of this Court that the three convictions of February 2, 1978, be considered one conviction for the purposes of the Tennessee Habitual Criminal Act." Whether these convictions are considered to be one conviction or three separate offenses, there remains a sufficient number of qualifying convictions to support a finding of habitual criminality. As we stated in *State v. McAfee*, 737 S.W.2d 304 (Tenn. Crim.App.1987):

> Before a defendant may be sentenced to life [imprisonment] as a habitual criminal, the jury must find beyond a reasonable doubt that the defendant had been previously convicted of at least three (3) of the offenses enumerated in T.C.A. § 39-1-801 at the time the defendant committed the principal or triggering offense. *Evans v. State*, 571 S.W.2d 283, 285 (Tenn.1978). See *State v. Freeman*, 669 S.W.2d 688, 693 (Tenn.Crim.App. 1983); *State v. Cole*, 629 S.W.2d 915, 917 (Tenn.Crim.App.1981). In other words, the defendant must meet the requirements of T.C.A. § 39-1-801 when he commits the principal or triggering offense. *Evans v. State*, supra....

737 S.W.2d at 307–308.

The phrase "on separate occasions", as used in the Habitual Criminal Act, refers "to separate events or happenings, each unrelated to the other." *State v. Cook*, supra, 696 S.W.2d at 8. In *Cook* our Supreme Court ruled two armed robberies committed on the same date against "unrelated victims", occurring "approximately forty (40) minutes and 6 miles apart," occurred "on separate occasions" within the meaning of the statute. 696 S.W.2d at 7. The Court rejected out of hand the defendant's contention that the phrase should be "construed as meaning 'on different days' or 'not within the same 24 hour period,'" because such a construction "is contrary to the natural meaning of the words." 696

S.W.2d at 7. *Cook* overruled *Frazier v. State*, 485 S.W.2d 877 (Tenn.Cr.App.1972) and *McMath v. State*, 544 S.W.2d 902 (Tenn.Crim.App.1976) to the extent these decisions stand for the conclusion that two or more offenses committed on the same day constitute only one offense.

The three (3) convictions for offenses occurring on the _____ day of October, 1977, constitute "separate offenses, committed at different times, and on separate occasions" within the meaning of the Habitual Criminal Act. T.C.A. § 39-1-801. The defendant admitted these offenses were committed against three separate and distinct businesses located in Madison County. The fact the offenses may have occurred on the same day or the same night and part of the same crime spree is irrelevant. *State v. Cook*, supra. The fact the defendant entered pleas of guilty to the three offenses is likewise irrelevant. See *State ex rel. Goss v. Bomar*, 209 Tenn. 406, 354 S.W.2d 243, 244 (1962); *State ex rel Ves v. Bomar*, 213 Tenn. 487, 495–496, 376 S.W.2d 446 (1964); *Pearson v. State*, 521 S.W.2d 225, 228–229 (Tenn.1975); *State v. Moore*, 596 S.W.2d 841, 845 (Tenn.Crim.App.1980). Furthermore, the fact the defendant was convicted of three separate offenses on the same date does not mean the offenses are inseparable and must be considered as only one offense. *State ex rel. Ves v. Bomar*, supra.

There is sufficient evidence contained in the record from which a rational trier of fact can determine that the defendant is a habitual criminal beyond a reasonable doubt. Tenn.R.App.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

SPECIAL REQUEST OF DEFENDANT

The defendant submitted a special request to the trial court. He sought to have the following added to § 32.01 of the Tennessee Pattern Jury Instructions: "... If you so find, then it shall be the duty of the court to sentence the defendant to imprisonment in the State penitentiary for life. Defendant will not be eligible for parole. *State v. Hall*, 667 S.W.2d 507

[ (Tenn.Cr.App.1983) ].'' The trial court granted the first sentence, but refused to give the second sentence concerning eligibility for parole.

■ The defendant in a habitual criminal proceeding is not entitled to an instruction stating the defendant will not be eligible for parole. *Marsh v. State,* 561 S.W.2d 767 (Tenn.Crim.App.1977); *State v. Moore,* 596 S.W.2d 841, 845 (Tenn.Crim.App.1980); *State v. Pinkston,* 644 S.W.2d 422, 423 (Tenn.Crim.App.1982); *State v. Hall,* 667 S.W.2d 507 (Tenn.Crim.App.1983). First, the after-effect of a jury's verdict is not a proper consideration for the jury. Second, a defendant who is convicted of being a habitual criminal is eligible for parole after serving thirty (30) calendar years of the life sentence imposed by the jury. T.C.A. § 40–28–116(b)(1).

■ It is not error for a trial judge to refuse to give an inaccurate special request. See *State v. Moffett,* 729 S.W.2d 679, 681 (Tenn.Crim.App.1986).

This issue is without merit.

## SUPPLEMENTAL
## INSTRUCTIONS TO JURY

The record of the defendant's trial for bank robbery and the two sentencing hearings which ended in mistrials have not been transmitted to this Court. However, we gather from reading the record that the defendant was sentenced to serve forty-five (45) years in the Department of Correction following his conviction for bank robbery; and the defendant was serving this sentence when the present sentencing hearing was conducted. The "technical record" does not contain either a minute entry or a judgment regarding this sentence.

During summation defense counsel questioned whether the defendant deserved a life sentence in addition to the sentence of forty-five (45) years he had received for bank robbery.

The jury returned and said it could not reach a verdict. A juror said there was confusion concerning the sentence of the defendant. Apparently the confusion was caused by defense counsel's argument to the effect the defendant would be sentenced twice for the same offense. The trial court gave the following supplemental instruction:

Ladies and Gentlemen, you must not concern yourself with the sentence previously imposed or to be imposed in this case. In the event that the defendant is convicted of being a habitual criminal, the court will impose the sentence in accordance with the law. Your sole duty is to decide the guilt or innocence of the defendant.

However, since defense counsel, in closing argument, made reference to "life imprisonment on top of the sentence already imposed," or words to that effect and considering that the remark may have improperly influenced some of you, the court feels compelled to clarify the matter. The law provides that if the defendant is convicted of being a habitual criminal and given a life's [sic] sentence, the life's [sic] sentence would include the sentence previously imposed for bank robbery and would not be "on top of it." There would only [sic] one sentence for the bank robbery and for being a habitual criminal and that would be life imprisonment.

However, I repeat and emphasize that you should not concern yourself with the sentence, because that has nothing whatever to do with whether the defendant is guilty or innocent. You are only to decide whether the defendant is guilty or innocent under the instructions previously given to you.

■ The defendant argues that the trial court committed prejudicial error when he instructed the jury that the penalty of life in prison for being a habitual criminal is not an additional penalty. We disagree.

A trial judge has the authority to give supplemental instructions in response to a question propounded by the jury. *Leach v. State,* 552 S.W.2d 407, 408 (Tenn.Crim.App. 1977); *State v. McAfee,* 737 S.W.2d 304, 307 (Tenn.Crim.App.1987). There is ample authority to support this time tested rule. See *Laury v. State,* 187 Tenn. 391, 394–395, 215 S.W.2d 797, 798 (1948); *State v.*

*Hayes,* 631 S.W.2d 450, 451 (Tenn.Crim. App.1981); *State v. Badgett,* 693 S.W.2d 917, 920 (Tenn.Crim.App.1985). Where, as here, the jury became confused due to an incorrect statement of law made by defense counsel during summation, the trial judge had the authority to give the supplemental instruction for the purpose of clarifying the law applicable to the case. *Laury v. State,* supra. See *State v. McAfee,* supra.

 The instruction given by the trial court was an accurate statement of the law. Our Habitual Criminal Act does not create an independent or separate crime. *Harrison v. State,* 217 Tenn. 31, 34, 394 S.W.2d 713, 714 (1965); *Pearson v. State,* 521 S.W.2d 225, 227 (Tenn.1975); *State v. Archie,* 639 S.W.2d 674, 676 (Tenn.Crim. App.1982). The Act simply creates a sentencing classification or status; and prescribes when a sentence shall be enhanced following a conviction for one of the designated felonies. *Harrison v. State,* supra; *Pearson v. State,* supra; *Moore v. State,* 563 S.W.2d 215, 217 (Tenn.Crim.App.1977). Furthermore, only one sentence may be imposed for the principal offense. When the trial court imposes a sentence for the triggering offense, and, later, sentences the defendant to life imprisonment as a habitual criminal for the same offense, the initial or first sentence is deemed to be null and void. *Meade v. State,* 484 S.W.2d 366, 368 (Tenn.Crim.App.1972); *State v. Archie,* supra at 676; *State v. Duffel,* 665 S.W.2d 402, 404 (Tenn.Crim.App.1983). In the case *sub judice* the initial sentence, forty-five (45) years in the Department of Correction, is null and void. The defendant's sentence for the offense of bank robbery has been enhanced to life imprisonment as a habitual criminal.

This issue is without merit.

The judgment of the trial court is affirmed.

DUNCAN, P.J., and REID, J., concur.