**STATE of Tennessee, Appellee,**

v.

**Jay Will KILBY, Alias, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

Sept. 20, 1988.

Permission To Appeal
Denied by Supreme Court
Dec. 12, 1988.

Robert A. Cole, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen., Miriam Nabors Banks, Asst. Atty. Gen., Nashville, Robert L. Jolley, Jr., Asst. Dist. Atty., Knoxville, for appellee.

## OPINION

F. LLOYD TATUM, Special Judge.

The defendant, Jay Will Kilby, entered guilty pleas to three counts of first-degree burglary and three counts of grand larceny. He pled not guilty to being an habitual criminal with respect to each of the six felony counts. The jury found the defendant to be an habitual criminal and judgment was entered accordingly. The defendant appeals and presents six issues for our review. After considering the issues, we find that the judgments must be affirmed.

In his first issue, the defendant says that the trial court erred in allowing evidence of six felony convictions because the records do not affirmatively show that he was represented by counsel at preliminary hearings or that he waived his right to counsel.

The defendant argues that the constitutional right to assistance of counsel applies to all critical stages of criminal proceedings, including the preliminary hearing. We agree with this contention. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). We also agree that it is impermissible to presume a waiver of counsel from a silent record. In *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Court held that in a prosecution in Texas, a Tennessee conviction was void. In *Burgett,* two certified copies of the same Tennessee judgment of conviction were admitted in evidence. In the first version of the judgment, it was expressly stated that the defendant was "without counsel." In the second version of the same judgment, the words "without counsel" were omitted. The United States Supreme Court held that

"the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore his conviction was void." The Court also held that "presuming waiver of counsel from a silent record is impermissible." 88 S.Ct. at 263, 264.

▪ In the case at bar, there is no showing on any of the six judgments that the defendant was without counsel. The six judgments complained of by the defendant recited on their face that the defendant was represented by counsel, distinguishing this case from *Burgett.* Since the prior judgments were facially valid, the trial court properly admitted them in evidence for consideration by the jury. *State v. McClintock,* 732 S.W.2d 268 (Tenn.1987); *State v. Evans,* 669 S.W.2d 708 (Tenn.Crim. App.1984). This issue is without merit.

In his second issue, the defendant states that various of his convictions did not meet the requirements of T.C.A. § 39–1–801 which provides in part "... each of such three (3) convictions shall be for separate offenses, committed at different times, and on different occasions."

The State relied on the following prior convictions to establish that the defendant was an habitual criminal:

| County | Case Number | Offense | Date of Offense |
|---|---|---|---|
| Knox | 8009 | Receiving and concealing stolen property | June 28, 1973 |
| Knox | 8010 | Receiving and concealing stolen property | June 29, 1975 |
| Loudon | 4408 | Second Degree Burglary | Dec. 20, 1975 |
| Loudon | 4411 | Second Degree Burglary | Dec. 18, 1975 |
| Loudon | 4412 | Second Degree Burglary | Dec. 19, 1975 |
| Loudon | 4413 | Second Degree Burglary | Dec. 18, 1975 |
| Roane | 7240 | Second Degree Burglary | June 17, 1981 |
| Roane | 7257 | Second Degree Burglary | June 9, 1981 |
| Roane | 7258 | Second Degree Burglary | June 17, 1981 |
| Loudon | 5647 | Second Degree Burglary | June 17, 1981 |

▪ The defendant argues that the above-quoted portion of T.C.A. § 39–1–801 requires that when multiple offenses occur on the same day, the convictions for all of them must be considered as only one offense. This contention is contrary to the holding of our Supreme Court in *State v. Cook,* 696 S.W.2d 6, 7, 8 (Tenn.1985), in which the Court stated:

"We reject defendant's argument that the language 'on different occasions' should be construed as meaning 'on different days' or 'not within the same 24 hour period,' as such a strained construction is contrary to the natural meaning of the words."

\* \* \* \* \* \*

"The similar term, 'separate occasions' is contained in a California statute governing the sentencing of persons convicted of violent sex offenses. In construing that phrase, the court in *People v. Reed-er,* 152 Cal.App.3d 900, 200 Cal.Rptr. 479 (1984), concluded that

'[T]he Legislature's use of the phrase "separate occasions" ... imposes a requirement of detachment of one episode from another.... By detachment we mean an interruption in the criminal activity of sufficient duration or nature that the end of one ... episode and the start of another can be ascertained with reasonable certainty.' (Footnote omitted.)

152 Cal.App.3d at 915, 200 Cal.Rptr. at 490.

We approve of the focus of the California court's interpretation of the phrase 'separate occasions' on the continuity of the criminal conduct, rather than on a period of time. We are of the opinion that the phrase 'on different occasions' in T.C.A. § 39–1–801, was similarly intended to refer to separate events or happen-

ings, each unrelated to the other or others."

■ The defendant states that the two Knox County cases (numbers 8009 and 8010) should have been considered as only one offense. The defendant was convicted of receiving stolen property that belonged to two separate persons. The offenses were committed on different dates. We find nothing that would require the consolidation of these two offenses under the above-quoted *Cook* rule. Obviously, the receiving of stolen property on separate days are two separate offenses, committed at different times, and on different occasions.

■ The defendant was convicted for four offenses of burglary in Loudon County which occurred in 1975. He argues that since two of the burglaries (numbers 4411 and 4413) occurred on December 18, they should be considered as only one offense. However, the record indicates burglaries of two separate dwellings. They are unrelated. The defendant likewise argues that the two Roane County offenses (numbers 7240 and 7258) that occurred on June 17, 1981, and the Loudon County case (number 5647) that occurred on June 17, 1981, are but one offense. Burglaries of three separate residences were involved, evidencing detachment of one episode from another.

■ Basically, the defendant's argument is that if one formulates a "common scheme or plan" to burglarize multiple residences on the same day, the convictions of all offenses would constitute but one prior conviction in a prosecution under the Habitual Criminal Statute. This idea is erroneous; each burglary would be a separate offense. They would be at different times because it is physically impossible for an individual to be present in two residences at the same time. By necessity, one burglary must terminate before another can begin. Ordinarily, two burglaries of separate residences are unrelated. The nature of the crime of burglary in these respects

is different from robbery. One person may rob one or more individuals at the same time and on the same occasions. As in *Clayborne v. State*, 596 S.W.2d 820 (Tenn. 1980), an individual might commit a second robbery before a first robbery is terminated. In *Clayborne*, the *Cook* requirement that one episode be detached from the second was not met. The defendant's reliance on *Clayborne v. State* is misplaced.

■ The defendant also asserts under Issue 2 that the three Roane County convictions can be considered as only one conviction because the State argued in its motion to consolidate the cases for trial that all were based on the same conduct, the same criminal episode, and constituted parts of a common scheme or plan. This argument by the State does not concede that the acts are not "separate offenses, committed at different times, and on separate occasions" within the meaning of T.C.A. § 39-1-801 as construed by *State v. Cook, supra*. We find no merit in Issue 2.

■ In Issue 3, the defendant says that reversible error was committed when the State was permitted to ask the defendant on cross-examination if he had been a thief "all of his life." In view of the defendant's prior convictions for eight burglaries, two convictions for receiving stolen property, plus the six guilty pleas in the instant case, if this was error, it was harmless. Rule 36(b), Tenn.R.App.P.

■ In Issue 4, the defendant complains that the State acted improperly when, during cross-examination of the defendant, the Assistant District Attorney inquired whether the defendant had negotiated in a prior case a plea of guilty in order to avoid the possibility of being sentenced as an habitual criminal. During the defendant's direct testimony, he stated that he was not guilty in one of his previous cases but entered a guilty plea because he was told by the State that, if he pled guilty, his brother would receive a lighter sentence. On cross-examination, the prosecuting attorney asked the defendant if he did

not in fact plead guilty to avoid a conviction for being an habitual criminal and not to protect his brother.

The defendant opened the door for this line of questioning when he testified that, though innocent, he pled guilty to protect his brother. The State had the right to cross-examine to show that he did not plead guilty to protect his brother, but to avoid being prosecuted as an habitual criminal. See, e.g., *Pulley v. State*, 506 S.W.2d 164, 168 (Tenn.Crim.App.1973); *May v. State*, 474 S.W.2d 172 (Tenn.Crim.App.1971).

■ In Issue 5, the defendant says that the trial judge committed reversible error by telling the jury exactly how many felonies were alleged and advising the jury as to the dates of certain offenses.

After commencing deliberation, the jury returned into Court and requested that the Court give the exact days of the crimes in Count 5. The Court responded as follows: "I am not allowed to give you the dates of the crimes in Count 5. I will simply have to instruct you to rely on your collective memory as to the dates, the various offenses the various witnesses testified to in open court. I will instruct you that it is not necessary that every felony listed have occurred on a different date.

You are allowed to consider felonies which occurred on the same date as to going to the defendant's records of recidivism and whether that record of recidivism warrants the enhanced punishment prescribed. It is necessary to find beyond a reasonable doubt that, at least, three of the prior felonies occurred on separate occasions.

All right. Also, there is a clerical error on the indictments that I am not sure was corrected when the indictments were copied. But there are ten felonies listed. The felonies listed under 3, 4, 5, and 6 where the word 'September' is in those indictments—those indictments were amended—and those indictments should say December each place that they say September on the felonies listed 3, 4, 5, and 6 on each count of those indictments.

All right. You may retire to the jury room to begin your deliberations."

The defendant argues that this was error because it had the effect of emphasizing to the jury that the defendant was guilty, since the jury only had to find three prior felony convictions when there was evidence of 10 prior convictions. We do not agree that this was erroneous; the jury already knew that the law required only three prior felony convictions and that there was evidence of 10 convictions. We do not agree that the trial judge "emphasized to the jury that the defendant was guilty."

■ The defendant also states that the trial judge committed error in informing the jury with regard to amendments of the indictments. The defendant argues that it was the State's duty to inform the jury "as to its evidence" and not a function of the court. The court was not informing the jury of "evidence;" it was informing the jury of a judicial act in allowing amendments to the indictment. The indictment is not evidence. We think that it was the duty of the court to inform the jury with respect to amendments to the indictment made on order of the court. The defendant has no right to expect the court to conceal this fact from the jury. We find no merit in Issue 5.

■ Finally, in Issue 6, the defendant says that the habitual criminal statute (T.C.A. § 39-1-801) is unduly harsh and disproportionate as it relates to nonviolent offenders and violates the Eighth Amendment of the United States Constitution. The defendant cites *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This court has repeatedly held that

the Tennessee statute is constitutional. See *State v. Jackson*, 697 S.W.2d 366 (Tenn.Crim.App.1985); *State v. Wilson*, 687 S.W.2d 720 (Tenn.Crim.App.1984), *cert. denied*, 472 U.S. 1030, 105 S.Ct. 3508, 87 L.Ed.2d 638 (1985); *State v. Freeman*, 669 S.W.2d 688 (Tenn.Crim.App.1983), and many others. We find no merit in this issue.

It results that the judgment of the trial court is affirmed.

DWYER and BYERS, JJ., concur.