# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

NATHANIEL FORD,                    )
                                   )
    Petitioner,            )    C. C. A. NO. 02C01-9706-CC-00215
                                   )
vs.                                )    LAUDERDALE COUNTY
                                   )
STATE OF TENNESSEE,                )    No. 4937
                                   )
    Respondent.            )


## O R D E R


This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court in this case by order rather than formal opinion. The above-captioned case represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. The record was filed on June 20, 1997, and the petitioner filed his brief on June 25, 1997. The petitioner is currently serving a life sentence, having been declared a habitual criminal, pursuant to T.C.A. § 39-1-806 (repealed 1989), in 1987. The petitioner contends that his sentence and conviction are now void because the statute under which he received his life sentence no longer exists.

Having reviewed the state's motion in light of the petitioner's brief and the record as a whole, we conclude that the motion is well-taken and should be granted. In dismissing the petition, the trial court found that the petitioner had failed to show upon the face of the judgment or the record of the proceedings upon which the judgment was rendered that the convicting court was without jurisdiction or authority to sentence the petitioner or that the petitioner's sentence of imprisonment or other restraint has expired. See State v. Archer, 851 S.W.2d 157 (Tenn. 1993).

We agree with the trial court's ruling. The convicting court in this case had jurisdiction over both the subject matter and person, and nothing in the record

before us demonstrates that the convicting court's actions were unauthorized. Nor has the petitioner shown that his sentence has expired. Contrary to the petitioner's argument, the Tennessee Criminal Sentencing Reform Act of 1989, which repealed the habitual criminal statute, specifically states that "[t]his act shall not affect rights and duties matured, penalties that were incurred, or proceedings that were begun before its effective date." 1989 Tenn. Pub. Acts ch. 591, § 115. Moreover, the habitual criminal statute has repeatedly been declared constitutional by the courts of this state. See e.g. Pearson v. State, 521 S.W.2d 225 (Tenn. 1975); State v. Kilby, 763 S.W.2d 389, 393-94 (Tenn. Crim. App. 1988). Therefore, since the petitioner is not challenging the appropriateness of his sentence at the time it was imposed, his present claim must fail. See State v. Russell, 866 S.W.2d 578, 581-82 (Tenn. Crim. App. 1991).

Accordingly, we cannot find any error on the part of the trial court in dismissing the petition. It is therefore ORDERED that the state's motion is granted. Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we affirm the trial court's dismissal of the petitioner's petition for writ of habeas corpus.

Enter, this the ___ day of August, 1997.

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE

2