IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2013

## BILLY JACKSON COFFELT v. STATE OF TENNESSEE and JERRY LESTER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6650   Joseph H. Walker, III, Judge**

---

**No. W2013-00783-CCA-R3-HC  - Filed December 23, 2013**

---

The Petitioner, Billy Jackson Coffelt, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 1983 conviction for robbery by the use of a deadly weapon and resulting life sentence after being found to be a habitual criminal offender.  The Petitioner contends that the trial court erred by summarily denying relief.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Billy Jackson Coffelt, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark Bryan Thornton, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted upon proof that he robbed Craig Owens at gunpoint of three gold chains as she retrieved groceries from her car.  Although the Petitioner did not appeal his conviction, he sought post-conviction relief, and the trial court granted a delayed appeal but denied relief on his post-conviction claim that he received the ineffective assistance of counsel.  The Petitioner appealed, raising four issues in the direct appeal and ineffective assistance in his petition for post-conviction relief.  This court denied relief on all issues.  *Billy Jackson Coffelt v. State*, No. 79 (Tenn. Crim. App. May 6, 1988).  The Petitioner now seeks habeas corpus relief.

In his habeas corpus petition, the Petitioner contended that he was erroneously found to be a habitual criminal offender, rendering his life sentence void. He argued that he had three previous felony convictions but that two of those convictions were committed within a twenty-four-hour period. He argued that for purposes of the habitual criminal offender statute, the two offenses committed within twenty-four hours were required to be considered as one conviction. He claimed he only had two applicable felony convictions. He also argued that the trial court erroneously relied upon his attempt to commit a felony conviction to classify him as a habitual offender because the conviction was not for an infamous offense. The trial court summarily dismissed the petition, finding that the Petitioner's sentence had not expired and that the court had jurisdiction to sentence him. This appeal followed.

The Petitioner contends that the trial court erred by summarily denying him habeas corpus relief. He argues that his previous convictions did not satisfy the statutory requirements for being a habitual criminal offender because he only had two applicable convictions and that his life sentence is void. The State responds that the Petitioner had the required number of previous felony convictions to be a habitual criminal offender and that his life sentence is not void. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). When applicable, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman*, 153 S.W.3d at 20; *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

Although repealed in 1989, at the time the Petitioner was found to be a habitual offender, Tennessee Code Annotated section 39-1-801 (1982), defined a habitual offender as

> [a]ny person who has either been three (3) times convicted within this state of felonies, not less than two (2) of which are among those specified in §§ 39-2-103, 39-605 [repealed], 39-2-111, 39-2-112, 39-2-640, 39-6-417(a)(1)(A), 40-20-112 . . . , or who has been three (3) times convicted under the law of any other state . . . , not less than two (2) of which, if they had been committed in this state, would have been among those specified in said §§ 39-2-103, 39-605 [repealed], 39-2-111, 39-2-112, 39-2-640, 39-6-417(a)(1)(A), 40-20-112 . . . , shall be considered, for the purposes of this part, and is declared to be an habitual criminal . . . ; and provided, further, that each of such three (3) convictions shall be for separate offenses, committed at different times, and on separate occasions.

We note that Code section 39-605 was repealed in 1978 and that the notes to the habitual offender statute state that similar provisions were found in Code sections 39-2-603 and 39-2-606. *See* T.C.A. § 39-1-801 (1982) (repealed 1989). Tennessee Code Annotated section 40-20-112 (1981) (amended 1996), categorized all felonies as "infamous crimes" and stated, in relevant part, "that for the purposes of [the habitual offender statute], references therein to this section, shall only refer to those crimes which were designated as infamous crimes under this code provision as it existed prior to May 18, 1981." The notes to Code section 40-20-112 state that offenses designated infamous crimes before May 18, 1981, included burglary and robbery. *Id*. § 40-20-112, Complier's Notes.

The record reflects that the State relied upon the Petitioner's previous convictions for burglary, robbery, and attempt to commit a felony to classify him as a habitual offender. Although the State alleged in the indictment that the Petitioner was previously convicted of second degree burglary in 1954, the State conceded this was error, as the Petitioner was born in 1954. At the trial, the parties discussed during a bench conference the three required felonies. Regarding the burglary convictions, the prosecutor told the trial court that the Petitioner committed three burglaries within a twenty-four-hour period. The State also stated that it was relying on the Petitioner's previous robbery and attempt to commit a felony convictions. The prosecutor presented certified copies of the convictions, including the three burglary convictions. After the bench conference, the prosecutor explained to the jurors that the Petitioner was previously convicted of three burglaries on April 16, 1973 and received three-year sentences for each offense, that he was convicted of attempt to commit a felony in May 1976 and received two to five years in confinement, and that he was convicted of robbery in Kentucky in April 1977 and received a ten-year sentence.

The Petitioner relies on *Tines v. State*, 553 S.W.2d 913 (Tenn. Crim. App. 1997), to support his claim that he only had two applicable previous convictions. The Petitioner does not dispute that he had three burglary, one robbery, and one attempt to commit a felony convictions, and he does not dispute that his previous robbery and burglary convictions qualified under the habitual offender statute as infamous crimes. He argues, rather, that the burglary convictions constitute one conviction for purposes of the habitual offender statute. We note that at the time the Petitioner was found to be an habitual offender, multiple offenses committed on the same day were to be considered as one offense, although it was proper to submit all the convictions to the jury. *McMath v. State*, 544 S.W.2d 902 (Tenn. Crim. App. 1976). Our supreme court, though, overruled *McMath* and similar cases in *State v. Cook*, 696 S.W.2d 6, 7 (Tenn. 1985). In *Cook*, the supreme court concluded that for purposes of the habitual offender statute, two robberies occurred on separate occasions when committed on the same date, against different victims, and forty minutes and six miles apart. *Id.*; *see State v. Moore*, 751 S.W.2d 464, 466 (Tenn. Crim. App. 1988) (concluding that a defendant's being convicted of "three separate offenses on the same date does not mean the offenses are inseparable and must be considered as only one offense).

Although the Petitioner argues in his reply brief that *Cook* is inapplicable because it was decided after the offense date, we conclude that *Cook* applies. *See Moore*, 751 S.W.2d at 466 (applying *Cook* when the defendant was convicted one year before *Cook* was decided); *see also State v. Robert Lee Jones*, No. 166, slip op. at 2-3 (Tenn. Crim. App. Feb. 2 1987) (applying *Cook* when the defendant was indicted for crimes committed in 1984). There is no proof in the record of the facts of the Petitioner's three burglary convictions. This court is unable to determine whether the facts of those offenses support a conclusion that the burglaries were "separate events or happenings, unrelated to the other" or if the burglaries should be considered as one conviction. *See Cook*, 696 S.W.2d at 8. We cannot conclude that it was improper for the jury to use the Petitioner's three burglary convictions in finding that he was an habitual criminal offender. We, likewise, cannot conclude that the judgment is void on this basis.

The Petitioner also argues that his attempt to commit a felony conviction is not an infamous crime, and the State agrees. *See Tines*, 553 S.W.2d at 917 (concluding that attempting to commit a felony is not an infamous crime). The offense was a felony, though, as the Petitioner was sentenced to two to five years in confinement. *See* T.C.A. § 39-1-501 (1982) (repealed 1989); *id.* § 39-1-103 (1982) (repealed 1989) (stating that "all violations of law punished by imprisonment in the penitentiary . . . are, and shall be denominated, felonies . . . ."). The statute only required that two of the three previous felony convictions be for infamous crimes. Because burglary and robbery were infamous crimes and attempt to commit a felony was defined as a felony, we conclude that the Petitioner's previous

convictions satisfied the requirements of the habitual offender statute. He is not entitled to relief on this basis.

The Petitioner also argues that the trial court erred by not appointing counsel. We disagree. The trial court was permitted to dismiss the petition without a hearing and without appointing a lawyer because nothing in the petition showed that the judgment was void. *See* T.C.A. § 29-21-109 (stating that "if, from the showing of the petitioner, the plaintiff would not be entitled to relief, the writ may be refused . . . ."). Although the Petitioner argues in his brief that the trial court focused on convictions he received after being sentenced as a habitual offender, we disagree. In the order denying relief, the court discussed the procedural history of the Petitioner's a habitual offender conviction. The court also noted that after the Petitioner was determined to be a habitual offender, the Petitioner and a codefendant were convicted of one count of felony escape, two counts of aggravated assault, and two counts of especially aggravated kidnapping. *See State v. Billy J. Coffelt and Lyle T. Van Ulzen*, No. M2002-01214-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App. Sept. 11, 2003). The trial court noted that on appeal, the Petitioner received relief from his life sentences for the especially aggravated kidnapping convictions and was later given an effective sentence of ninety years. In denying habeas corpus relief, the court found that the life sentence associated with the habitual offender judgment and his ninety-year sentence regarding the prison escape had not expired. The court simply noted that the subsequent convictions and sentences also justified his incarceration. It did not rely upon those convictions in denying habeas corpus relief regarding the robbery conviction that led to his habitual offender classification. The trial court did not err by summarily dismissing the petition. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE