IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2015

## STATE OF TENNESSEE v. LACARVIS MARQUIS MILLER

**Appeal from the Circuit Court for Williamson County**
**No. II-CR016984    Timothy L. Easter, Judge**

_____

**No. M2014-01745-CCA-R3-CD – Filed September 24, 2015**

_____

A Williamson County jury convicted the Defendant, Lecarvis Marquis Miller, of reckless aggravated assault and simple assault. The trial court merged the convictions and sentenced the Defendant to serve ten years as a Range III, persistent offender. On appeal, the Defendant asserts that the trial court erred when it failed to give the jury a supplemental unanimity instruction. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Benjamin C. Signer and Vanesssa P. Bryan, Public Defender (on appeal), Franklin, Tennessee; Robert W. Jones and Henry Ambrose, Assistant Public Defenders (at trial), Franklin, Tennessee, for the appellant, Lacarvis Marquis Miller.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Kim R. Helper, District Attorney General; and Jessica N. Borne, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from an altercation between two men outside a Williamson County residence. For his role in this event, a Williamson County grand jury charged the Defendant with two counts of aggravated assault based upon the one incident, but the offenses are charged in the alternative. The first count alleges that the Defendant committed aggravated assault with a deadly weapon, and the second count alleges that

the Defendant committed aggravated assault by causing serious bodily injury to the victim, James Kelton. On appeal, the Defendant does not challenge the sufficiency of the evidence against him nor does his challenge directly rely on the evidence presented at trial; therefore, we will abbreviate our summary of the facts and present them in the light most favorable to the State.

On October 13, 2012, Charity Taylor held her daughter's birthday party at her home located on Natchez Street in Williamson County, Tennessee. Among other party-goers present at the party were Charity Taylor's sister, Deprecia Taylor and brother, Jarvis Taylor. Deprecia Taylor was involved in an ongoing romantic relationship with both the Defendant and the victim, James Kelton. Deprecia Taylor was dating the Defendant at the time of the party but had two children with Mr. Kelton. According to Mr. Kelton, he and Deprecia Taylor, although "friends," still engaged in a sexual relationship. Mr. Kelton was "bothered" by Deprecia Taylor's relationship with the Defendant because he and Deprecia Taylor had "just [come] out of a long-term relationship."

Mr. Kelton brought his children to the birthday party at Charity Taylor's home. He parked in front of the residence and walked the children inside. After a few minutes, Mr. Kelton exited the residence with Deprecia Taylor. When Deprecia Taylor urged Mr. Kelton to leave because the Defendant was nearby,[1] he became angry and grabbed her wig,[2] throwing it to the ground. Mr. Kelton continued toward his car as the Defendant drove up in Deprecia Taylor's car and parked directly in front of Mr. Kelton's car. The Defendant approached and stabbed Mr. Kelton in the chest and the arm with a blue and silver pocket knife. Jarvis Taylor grabbed the Defendant from behind and separated the two men. The Defendant walked away, and Mr. Kelton called 911 to report the stabbing.

An officer responding to the call arrived at the scene and observed Mr. Kelton standing on the front sidewalk with his "entire chest [ ] covered in blood." The officer observed a puncture wound to Mr. Kelton's chest and requested medical assistance. Mr. Kelton was transported to Vanderbilt Trauma and treated for wounds to his chest and arm. Mr. Kelton was unable to return to work for six weeks due to his injuries and, at the time of trial, still had scars as a result of the injuries.

Later at the police station during a police interview, the Defendant initially denied to the police that he had any memory of the event, explaining that he "blacked out." The

---

[1] The defense presented testimony from Deprecia Taylor indicating that the altercation began because Charity Taylor asked Mr. Kelton to leave her residence.

[2] Deprecia Taylor was being treated for a brain tumor. Due to the treatment "most of her hair" was missing, thus, she wore a wig.

Defendant said he observed Mr. Kelton hit Deprecia Taylor and that he became concerned. As Detective Green continued to ask questions, the Defendant recalled that he did have a knife in his hand, that he was ordered to drop the knife, and that he complied. Ultimately, he stated that he "must have" stabbed Mr. Kelton because, after the incident, he saw blood on himself, but he was not cut. The Defendant removed an outer shirt he was wearing at the time of the incident and discarded it after he fled the scene. The Defendant took police officers to the location where he left the shirt, and an officer recovered it. The Defendant explained that he fled because Deprecia Taylor urged him to do so.

At the conclusion of the evidence, the trial court provided jury instructions, and the jury retired for deliberations at 10:36 a.m. At 12:33 p.m., the trial court addressed two questions the jury had submitted, first with the parties, and then provided to the jury a response to the submitted questions. At 1:40 p.m., the trial court reconvened outside the presence of the jury and informed the parties that a juror, who was not the foreman, had submitted another question. The question was, "If the jury is hung and not in agreement, can the State appeal the case and the defendant . . . get another trial? What is the likelihood against of [sic] the State getting another trial if the jury is hung? Specifically, what is the law?" The trial court then stated that when the court officer went into the jury room to bring the jury into the courtroom to address the question, he was told the jury was "very close to reaching a verdict." The trial court stated that it was unsure whether or not the juror needed a response, but it recited to the parties its prepared response to the question if needed. The trial court recessed pending the return of the jury, and at 2:01 p.m. the jury returned a guilty verdict of reckless aggravated assault for count 1 and a guilty verdict of assault for count 2.

The trial court confirmed on the record that the verdict form was consistent with the verdict announced by the foreperson. The trial court then polled the jury as to both counts, and all twelve jurors raised their hands for each count indicating that guilt was their unanimous verdict. The trial court merged the two counts and at a subsequent sentencing hearing ordered the Defendant to serve a ten-year sentence in the Department of Correction.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred when it failed to give the jury a supplemental unanimity instruction after a juror raised a question about a hung jury. The State responds that the trial court did not err when it did not give this additional instruction because the record shows that the jury had reached a verdict and because a poll of the jury confirmed a unanimous verdict. We agree with the State.

3

The trial court has a duty "to give a complete charge of the law applicable to the facts of a case." *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn. 1986); *see* Tenn. R. Crim. P. 30. "[I]n determining whether jury instructions are erroneous, this Court must review the charge in its entirety" and invalidate the charge only if, when read as a whole, "it fails to fairly submit the legal issues or . . . misleads the jury as to the applicable law." *State v. Vann*, 976 S.W.2d 93, 101 (Tenn. 1998). "The trial court has the authority to respond to jury questions with a supplemental instruction." *State v. Forbes*, 918 S.W.2d 431, 451 (Tenn. Crim. App. 1995) (citing *State v. Moore*, 751 S.W.2d 464, 467 (Tenn. Crim. App. 1988)). When faced with a question from the jury regarding the definition of legal terms, the proper procedure is for the trial court, after consultation with counsel, to provide the jury with supplemental instructions. *See United States v. Griffith*, 756 F.2d 1244, 1251 (6th Cir.1985) ("'Questions or disputes as to the meaning of terms which arise during jury deliberations should be settled by the court after consultation with counsel, in supplemental instructions.'") (quoting *United States v. Birges*, 723 F.2d 666, 670-71 (9th Cir.), *cert. denied*, 466 U.S. 943, (1984)).

First, we conclude that the Defendant waived this issue because he did not contemporaneously object to the trial court's decision to wait and determine whether or not the instruction was necessary.[3] Tenn. R. App. P. 36(a); *State v. McPherson*, 882 S.W.2d 365, 375 (Tenn. Crim. App. 1994). Even if this issue was not waived, we conclude that it is without merit. After the trial court received the question about jury unanimity, the trial court prepared an appropriate supplemental instruction in response to the questions. The trial court then received information that the jury was close to a verdict. Several minutes later, the jury foreman announced a unanimous verdict, and the trial court confirmed a unanimous verdict by polling all twelve jurors. Furthermore, the trial court instructed the jury on unanimity as part of its instructions before the jury began its deliberations. The Defendant has failed to show that either he or the judicial process have been prejudiced by the trial court's handling of the juror's question. Therefore, we conclude that the trial court did not err by not giving the supplemental instruction. The Defendant is not entitled to relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court properly protected the defendant's right to a unanimous verdict. As such, we affirm the trial court's judgment.

---

[3] We note that the Defendant's attorney's raised an objection at the time the jury reached a verdict; however, the objection related to the jury's first question regarding language in the indictment rather than jury unanimity.

_____
ROBERT W. WEDEMEYER, JUDGE