# IN THE TENNESSEE COURT OF CRIMINAL APPEALS

## AT JACKSON

_____JULY SESSION, 1998

FILED

March 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES MOORE,** | **)** | |
| | **)** | |
| Petitioner, | **)** | **C.C.A. NO. 02C01-9511-CC-00337** |
| | **)** | |
| VS. | **)** | **MADISON COUNTY** |
| | **)** | |
| **STATE OF TENNESSEE,** | **)** | **HONORABLE FRANKLIN MURCHISON** |
| | **)** | |
| Respondent. | **)** | (Post-Conviction) |

For the Petitioner

Joe H. Byrd, Jr.
203 S. Shannon Street
Suite 300
Jackson, TN 38302-2764

For the Respondent

John Knox Walkup
Attorney General and Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue South
Nashville, TN 37243-0493

Jerry Woodall
District Attorney General
P.O. Box 2825
Jackson, TN 38302-2825

OPINION FILED:_____

**AFFIRMED**

**ROBERT W. WEDEMEYER, SPECIAL JUDGE**

**OPINION**

The petitioner appeals the trial court's dismissal of his petition for post-conviction relief. The petitioner was originally indicted for bank robbery and being an habitual criminal. In 1984, the petitioner was convicted of bank robbery with the use of a firearm and sentenced to forty-five years imprisonment. State v. Moore, 713 S.W.2d 670 (Tenn. Crim. App. 1985), perm. to app. denied, (Tenn. 1986). The jury, however, could not reach a verdict on the habitual criminal charge and a mistrial was declared on that charge. A second trial was had on that charge, but again a mistrial was declared in 1986. Finally, during a third trial in 1987, the petitioner was found to be an habitual criminal and sentenced to life imprisonment. State v. Moore, 751 S.W.2d 464 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1988). The state relied upon two guilty plea convictions in 1975 for third degree burglary and three guilty plea convictions in 1978 for third degree burglary to enhance the petitioner's sentence.

The petitioner subsequently filed individual post-conviction petitions between May 5, 1986 and June 30, 1989, challenging his conviction for bank robbery as well as his convictions for third degree burglary. The petitioner was appointed counsel and these petitions were consolidated for an evidentiary hearing on August 17, 1990. The petitioner alleged that counsel was ineffective during the trial and appeal of his bank robbery conviction. The petitioner also alleged that his five guilty pleas to third degree burglary were involuntary because he was not informed of his right against self-incrimination and "the full consequences of the guilty pleas." After hearing the proof, the trial court denied the petitions.

On appeal, the petitioner contests 1) the trial court's finding that he received the effective assistance of counsel and 2) the trial court's ruling that his guilty pleas were constitutional. After reviewing the record before the Court, including the petitions filed below, we affirm the judgment of the trial court dismissing the petitioner's post-conviction petitions.

2

**ANALYSIS**

**1)** Before considering the substantive issues raised on appeal, we deem it necessary to address the procedural history of this case. As noted above, the evidentiary hearing on the alleged grounds for relief was held on August 17, 1990. The matter was taken under advisement. The post-conviction court issued an order of dismissal and its findings and conclusions on September 4, 1990. Apparently, however, neither counsel nor the petitioner received a copy of this order. Consequently, on July 30, 1993, the petitioner filed a motion requesting the trial court to vacate and reinstate its order so that the petitioner could timely file a notice of appeal. The trial court did not respond. Thereafter, the petitioner filed a motion in this Court to waive the timely filing of the notice of appeal. However, because there was still a motion pending in the trial court in this matter, on December 14, 1995, this Court filed an order denying the motion as premature. Finally, on July 11, 1997, the post-conviction court filed an order vacating and re-entering the order denying post-conviction relief as of that date. The petitioner filed a notice of appeal from that order.

A trial court judgment becomes final thirty days after its entry unless a timely notice of appeal or one of the post-trial motions enumerated in T.R.A.P. 4(c) is filed. State v. Mixon, -- S.W.2d --, -- (Tenn. 1999); State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). Once the judgment becomes final, the trial court generally loses jurisdiction to amend or alter it. Lock, 839 S.W.2d at 440. An exception is allowed for the correction of clerical mistakes. See Rule 36, Tenn.R.Crim.P. A trial court, however, does not have the authority to vacate a final judgment and reinstate it as of a later date.

While the Post-Conviction Procedure Act requires the trial court to send a copy of the final order denying relief to the petitioner and his counsel, T.C.A. § 40-30-212 (1997) (formerly § 40-30-119), the Act does not provide a remedy for the failure to do

3

so.[1] Nor does Rule 28, Rules of the Supreme Court, which governs Post-Conviction Procedure, provide a remedy in this situation. However, T.C.A. § 40-30-216 provides that an appeal from a final order denying relief under the Act may be taken to this Court in the manner provided by the Rules of Appellate Procedure. Pursuant to T.R.A.P. 4(a), the notice of appeal document is not jurisdictional in criminal cases, including post-conviction matters, and the timely filing of such document may be waived in the interest of justice. The Rule further states that the appropriate appellate court shall determine whether the waiver is warranted. Id. Waiver is not automatic, however, and in making that determination, this Court shall consider the nature of the issues presented for review, the reasons for the delay in seeking relief, as well as other factors presented in the case. See, e.g., Michelle Pierre Hill v. State, 01C01-9506-CC-00175 (Tenn. Crim. App., Feb 13, 1996), perm. to app. denied, (Tenn., May 28, 1996).

In this case, the trial court found in its order of July 11, 1997, that neither the petitioner nor his counsel received a copy of the order denying post-conviction relief. Although there was a seemingly unreasonable delay before the petitioner or his counsel inquired about the status of the petition, it appears from the record that the failure to timely file the notice of appeal was not solely the petitioner's fault. Accordingly, it would appear that the interest of justice would warrant waiver in this case. However, as stated above, this Court is the appropriate court to permit waiver. After the trial court filed its order on July 11, 1997, the petitioner should have then petitioned this Court for permission to late-file the notice of appeal.[2] The trial court's order of July 11, 1997, has no effect, other than to provide this Court with the relevant factual background. In the interest of justice, however, this Court has decided to allow this appeal to proceed. The notice of appeal shall be considered timely filed.

---

[1] This Court has held that a petitioner is entitled to relief from the dismissal of his petition when the trial court failed to forward a copy of the final order of dismissal as mandated by the Act. See Dorsey v. State, No. 02C01-9508-CR-00218 (Tenn. Crim. App., Sep. 9, 1997); Clotfelter v. State, No. 03C01-9206-CR-00210 (Tenn. Crim. App., July 8, 1993). However, in these cases, this Court did not specifically hold that the post-conviction court has the authority to vacate its order and reinstate it at a later date. These cases were remanded to the trial court for a determination of whether the petitioner's claim that he did not receive notice of dismissal had merit.

[2] This Court's order denying the petitioner's previous motion for a delayed appeal was not rendered on the merits of the motion. The motion was denied as premature simply because it appeared to the Court at that time that the proceedings were still pending in the trial court. The Court's order did not preclude the petitioner from filing a subsequent motion.

**2)** The petitioner claims he was denied the effective assistance of counsel during the trial and appeal of his conviction for bank robbery. Specifically, the petitioner contends that counsel 1) failed to keep in contact with the petitioner; 2) failed to suppress the petitioner's statement; 3) failed to investigate alibi witnesses; 4) failed to prevent pretrial "face to face" contact between the petitioner and identification witnesses; 5) failed to seek a change of venue; 6) failed to challenge a biased juror; 7) failed to seek severance from the petitioner's co-defendant; and 8) failed to timely file a motion for new trial thereby precluding appellate review of certain issues.

The proof at the post-conviction hearing on this issue consisted solely of the testimony of the petitioner and his trial counsel. After hearing the testimony of both witnesses, the post-conviction court entered findings specifically addressing each claim and concluded that

> the defendant has failed to establish by a preponderance of the evidence that (a) the services rendered or advise [sic] given by counsel fell below the range of competence demanded of attorneys in criminal cases and/or (b) counsel was guilty of any unprofessional conduct that enured to the prejudice of the petitioner.

In post-conviction relief proceedings, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983).[3] It has long been established that the trial court's findings of fact and conclusions of law in post-conviction suits are afforded the weight of a jury verdict. See, e.g., Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). The trial court's findings of fact and conclusions of law are conclusive on appeal unless the appellate court finds that the evidence preponderates against the findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). Furthermore, this Court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

---

[3] Under the current post-conviction statute, the standard is "clear and convincing evidence." T.C.A. § 40-30-210(f) (1997). The petitions in this case were filed prior to the enactment of the current statute and are, therefore, not governed by its provisions.

The Court's review of the post-conviction court's judgment is governed by several well-established principles. In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have likely been different. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Furthermore, this Court may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Trial counsel may not be deemed ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276 (Tenn. Crim. App. 1980). The reviewing courts must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 690.

The presumption is that the attorney rendered effective assistance, and the burden is on the petitioner to prove both that the assistance was ineffective and that such ineffectiveness caused the petitioner to suffer prejudice. Hartman v. State, 896 S.W.2d 94, 104 (Tenn. 1995). In a post-conviction proceeding, a petitioner's uncorroborated testimony is insufficient to carry this burden of proof. State v. Kerley, 820 S.W.2d 753, 757 (Tenn. Crim. App. 1991).

The post-conviction judge resolved all conflicting testimony in favor of the petitioner's trial counsel. This was certainly his prerogative. The judge also determined that counsel's performance was constitutionally adequate and stated, nevertheless, that the petitioner failed to establish prejudice resulting from any of the alleged errors. As stated above, the petitioner's uncorroborated testimony is insufficient to carry his burden.

Moreover, although trial counsel did not timely file his motion for new trial, on

6

appeal this Court decided to review the appellate record for any errors and held that the petitioner was "not prejudiced by the failure to file his Motion for a New Trial within the time allowed." State v. Moore, 713 S.W.2d 670, 674 (Tenn. Crim. App. 1985). The petitioner's claim in this particular respect, therefore, has been previously determined. T.C.A. § 40-30-112(a) (1990 repealed).

Accordingly, having reviewed the record in light of the petitioner's claims, we agree that petitioner was not denied the effective assistance of counsel. There is simply no evidence in the record to preponderate against the findings and conclusions of the post-conviction court.

**3)** The petitioner claims that his 1975 and 1978 guilty pleas to third degree burglary were involuntary because he was never informed of his right against self-incrimination or the consequences of the convictions.[4]

In order to satisfy constitutional standards, a plea of guilt must be entered knowingly, voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This includes an intentional relinquishment or abandonment of known constitutional rights, including the right against compulsory self-incrimination. State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). The relinquishment of these rights will not be presumed from a silent record. Bates v. State, 973 S.W.2d 615, 624 (Tenn. Crim. App. 1997) (citing Boykin and Mackey). However, "'[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Powers v. State, 942 S.W.2d 551, 556 (Tenn. Crim. App. 1996) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)).

---

[4] Even though the petitioner is attacking guilty pleas that were entered well over ten years prior, the petitioner timely filed his petitions in this case. T.C.A. § 40-30-102 (1990 repealed). See also State v. Masucci, 754 S.W.2d 90 (Tenn. Crim. App. 1988). Under the current post-conviction statute, petitioners must file petitions challenging any guilty plea within one year of the date of final judgment. T.C.A. § 40-30-202 (1997). Accordingly, we note that the procedural history of this case is rather unique and would rarely, if ever, be presented in another case.

In determining whether the petitioner's guilty pleas were knowing and voluntary, this Court must look at the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); Chamberlain v. State, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). In so doing, the Court can review any relevant evidence in the record, including the post-conviction proceedings. Turner, 919 S.W.2d at 353.

> [A] court charged with determining whether those pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). Moreover, a defendant's prior record, particularly when it includes guilty pleas to the same crime, may suggest that the defendant was aware of his basic rights. State v. Sheckles, No. 1, Obion County (Tenn. Crim. App., Jackson, Nov. 21, 1990).

A transcript of the petitioner's guilty pleas in 1975 is included in the record before this Court. This transcript clearly shows that the petitioner was represented by competent counsel, with whom he testified he was satisfied; was informed of the nature of the charges against him, including the elements of the offense, the strength of the state's case, and the range of sentences; and was advised by the trial judge of his basic constitutional rights, including the right against compulsory self-incrimination.[5] Moreover, after questioning the petitioner and counsel, the trial court found that the petitioner freely, voluntarily and intelligently entered the pleas. The petitioner pled guilty to two charges of third degree burglary and received two concurrent three year sentences. The post-conviction court found that these pleas were in compliance with constitutional standards. We agree.

---

[5] The 1975 pleas were entered before the Mackey decision, and therefore the determination of whether the pleas were knowing and voluntary must be made pursuant to review under Boykin, and without consideration of the additional safeguards outlined by our Supreme Court in Mackey. See Blankenship, 858 S.W.2d at 903 ("this case presents a Boykin issue and that issue alone").

8

As for the 1978 pleas, the record before this Court does not contain the transcript from the guilty plea hearing. It appears the transcript has been lost. Contrary to the petitioner's suggestion, however, this fact alone does not resolve the issue in his favor. See, e.g., Powers v. State, 942 S.W.2d 551, 556-57 (Tenn. Crim. App. 1996); Hogan v. State, No. 01C01-9604-CC-00161 (Tenn. Crim. App., Mar. 13, 1997). In the absence of the transcript, the petitioner's allegations that he was not advised of his rights may shift the burden to the state to show that the pleas were knowing and voluntary. See Johnson v. State, 834 S.W.2d 922, 925 (Tenn. 1992). However, as explained above, the totality of the circumstances must be examined, and if the evidence shows that the petitioner was aware of his constitutional rights, then any error by the state in not producing the transcript or by the trial court in not advising the petitioner of his rights would be harmless. Id. See also Bates v. State, 973 S.W.2d 615, 624 (Tenn. Crim. App. 1997).

The post-conviction court concluded that any alleged error in the 1978 guilty plea hearing was harmless.[6] Having reviewed the entire record on appeal, we too conclude that the petitioner was aware of his constitutional rights before pleading guilty and, therefore, knowingly, voluntarily and intelligently entered his pleas. Just three years prior, the petitioner pled guilty to two separate charges under the same criminal statute. At the 1975 guilty plea hearing, the petitioner testified that he was aware and understood his basic rights and the nature of the charges against him. He received an effective three year sentence in 1975; and in 1978, he agreed to an effective five year sentence. At the post-conviction hearing, the petitioner testified that he accepted the plea in 1978 "mainly" because he knew he could possibly have received a thirty year sentence on the three third degree burglary charges. The petitioner was particularly familiar with guilty plea proceedings. Given the totality of the circumstances in this case, especially the petitioner's prior involvement in a similar situation where he openly

---

[6] At the post-conviction hearing, the judge permitted the state to establish the trial court's general practice in accepting guilty pleas by receiving evidence of a guilty plea hearing involving an unrelated case. The petitioner claims this was erroneous. We do not need to address the appropriateness of the post-conviction court's action in this respect. Without considering this evidence, we have concluded that the petitioner's pleas were knowing and voluntary.

acknowledged that he knew his constitutional rights and his admitted desire to receive a lesser sentence, it is evident that the petitioner's rights were not violated.[7]

## CONCLUSION

The petitioner has failed to carry his burden on appeal.  Therefore, for the reasons stated herein, we affirm the trial court's dismissal of the petition for post-conviction relief.

_____
ROBERT W. WEDEMEYER, SPECIAL JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
J. CURWOOD WITT, JR., JUDGE

---

[7] We note that the trial court was not required to advise the petitioner that his guilty pleas could be used to enhance future sentences. This advice was not required before the Tennessee Supreme Court's decision in State v. McClintock, 732 S.W.2d 268 (Tenn. 1987). See Blankenship v. State, 858 S.W.2d 897, 905 n.6 (Tenn. 1993).