WILLIAMS *v.* STATE.

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

HOWARD H. BAKER, JR., of Huntsville, and H. K. PEMBERTON, of Helenwood, for appellant.

Knox Bigham, Assistant Attorney General, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from a conviction of perjury. The only question raised in the assignments of error is that the defendant was under a judgment of infamy at the time he testified and since he was disqualified under the statute, Code, Section 11072, from testifying he could not be guilty of the crime of perjury.

The evidence is conclusive that the defendant gave perjured testimony in behalf of Gideon Lloyd and Kenneth Austin when they were being tried in the criminal court of Scott County upon the charge of arson. The said Lloyd and Austin were indicted and tried upon the charge of feloniously burning the barn of a Mrs. Hatfield on the night of July 13, 1950. The fire occurred about 11:00 o'clock P. M. on the date mentioned. The defendant testified that at that time he was fishing with Gideon Lloyd and one Raymond Lowe on Buffalo Creek. It is conclusively shown that at that time the witness, Lee Williams (now a defendant), was working near Spring

City in making a clearance of a transmission line for the Tennessee Valley Authority. The only evidence offered on behalf of Williams in the case at bar was the public records showing that he had been convicted of larceny and rendered infamous. The clerk of the court, who testified and exhibited the records, stated that the disability of infamy had not been removed.

Counsel for the defendant assigns as error the following excerpt from the charge of the court: ''If you find from the evidence in the case that the defendant testified as a witness in said case of the *State* v. *Gideon Lloyd,* et al., on a charge of a felony, the fact that he may have been convicted of an infamous crime or rendered infamous would be no defense to this prosecution of a charge of perjury.''

■■ We find no merit in this assignment. The incompetence of a witness because of a judgment of infamy is not a defense to a subsequent charge that the witness gave perjured testimony where it appears that he gave material evidence on the trial and his alleged incompetence was waived. *Sharp* v. *Wilhite,* 21 Tenn. 434. To the same effect is the holding of the Court in *Haley* v. *McPherson,* 22 Tenn. 104, although in the latter case the question of waiver was not considered as material. See Annotations in 85 Am. Dec. 494; also *Chamberlain* v. *People,* 23 N. Y. 85, 80 Am. Dec. 255.

■ In the case at bar the defendant, Willams, upon being cross-examined while testifying in the arson case, admitted that he had served a term in the penitentiary for larceny. The State objected to Williams' testifying on the ground that he was incompetent, but the record of his conviction and the judgment of infamy was not offered to sustain the State's objection. The court seems not to have ruled upon the competency of the witness or

later the admissibility of his testimony. It thus appears that he testified willingly, wilfully and falsely in behalf of the accused defendants, Lloyd and Austin.

■ We therefore hold that where a witness, although incompetent to testify, is permitted to give perjured testimony upon a material matter involving the cause he cannot claim immunity from prosecution for perjury upon the ground that the trial judge may have committed error in passing upon his alleged incompetency.

In Wharton's Criminal Law, Vol. 2, Sections 1520, 1521 and 1546, it is said:

"*Perjury though witness is incompetent.* If an incompetent witness is permitted to testify, and testifies falsely, it is perjury. This holds even where a party himself is a witness."

"*And though he be a volunteer.* Nor is it requisite that the defendant should have been served with a subpoena, or have been compelled to testify. The mere fact of his testifying is enough."

"*Inadmissibility no test of immateriality.* Hence may we accept as a general rule that where a court illegally admits evidence, such illegality, if the evidence go to the jury, is not *per se* evidence of immateriality. Thus there may be perjury in giving evidence which could have been excluded as secondary. And a witness who was admitted to testify, though incompetent, may be indicted for perjury in his testimony."

The assignments of error are overruled, and the judgment of the trial court is affirmed.