**STATE of Tennessee, Appellee,**

**v.**

**Howell W. VANZANT, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 14, 1983.

Permission to Appeal Denied by Supreme Court Oct. 11, 1983.

Dale Quillen, Nashville, Riley C. Darnell, Paul D. Welker, Atty.-at-Law, Clarksville, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Gordon W. Smith, Asst. State Atty. Gen., Mary Mayham, Research Asst., Office of State Atty. Gen., Nashville, Clayburn L. Peeples, Dist. Atty. Gen., Ted Neumann, Asst. Dist. Atty. Gen., Trenton, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of aggravated rape and aggravated kidnapping and received sentences of twenty (20) years and twenty-one (21) years, respectively. The defendant was also convicted of carrying a weapon with the intent to go armed and received a sentence of six (6) months in the county jail and a fine of fifty dollars ($50.00). The sentences were ordered to be served concurrently.

The defendant says he was entitled to have the jury charged that voluntary drunkenness is a defense to a crime requiring proof of specific intent, says the requirement that the trial court charge the jury under T.C.A. § 33–709 (hospitalization on finding of insanity) is unconstitutional, says the state failed to prove beyond a reasonable doubt that he was legally sane at the time the offense was committed, says he was denied a fair trial by the jury's consideration of parole eligibility, says he was convicted of aggravated rape pursuant to an unconstitutional statute, and says the assistant district attorney made improper comments in closing argument to the jury.

The judgments are affirmed.

The evidence shows the defendant entered a store where a sixteen-year-old girl was working, held a gun on her, and made the girl leave with him. The defendant drove the girl to a remote area and forced her to commit fellatio upon him.

The defendant insists the trial judge should have instructed the jury that voluntary intoxication is a defense to the charges of aggravated kidnapping and going armed if the offender is so intoxicated as to be unable to form the specific intent required to show guilt in the offenses.

The only competent evidence touching on intoxication in this case shows that the defendant was not intoxicated at the time of the offense or if he was intoxicated, he was not so intoxicated as to be unable to form specific intent.

The manager of the store, who gave the defendant change approximately fifteen minutes prior to the abduction, testified the defendant was not intoxicated. The victim testified the defendant drank one beer en route to the remote area where the aggravated rape occurred but that he was not intoxicated. A police officer, who arrested the defendant about one hour after the offense, testified the defendant was on the borderline of intoxication. When the defendant was taken into custody, his first words were, "Is the girl O.K.?"

The defendant did not testify at the trial or offer any competent evidence to show he was intoxicated at the time of the offense. The defendant bases his claim of intoxication upon the testimony of a psychiatrist, who said the defendant told him he had been taking sleeping pills and medicine for high blood pressure and that he had drunk four or five beers prior to the crime. The psychiatrist testified that the defendant was unable to control his behavior due to a combination of factors including the ingestion of various medications and alcohol. A clinical pharmacist testified that a person would become intoxicated from ingesting blood pressure medicine, sleeping pills, and beer.

The psychiatrist and the pharmacist, who testified for the defendant, reached their conclusion that the defendant was intoxicated based upon the supposition that the defendant had used a number of drugs and had drunk four or five beers before the commission of the offense. Although a physician may give the defendant's history, as related to him by the defendant, to show the basis of his conclusion, such history is not substantive evidence to establish the truth of the facts in the history. Unless the evidence at trial establishes the existence of the facts claimed in the history, a conclusion based upon such facts has no probative value.

We conclude there is no evidence in this record which would entitle the defendant to a charge on the effect of voluntary intoxication in relation to the ability of the defendant to form specific intent to commit the crimes of aggravated kidnapping and carrying a weapon with the intent to go armed. *Harrell v. State,* 593 S.W.2d 664 (Tenn.Cr.App.1979).

We note the trial judge gave the jury an instruction on intoxication as it relates to crime where specific intent is not required. However, there was no evidence requiring the trial judge to give this instruction. This, if error at all, was harmless error.

The defendant contends the requirement of T.C.A. § 33–709 that the trial judge charge the jury on judicial hospitalization in the event of a verdict of not guilty by reason of insanity is unconstitutional because the statute is vague and therefore it allows the jury to speculate upon the effect of the verdict. The defendant relies upon the case of *Farris v. State,* 535 S.W.2d 608 (Tenn.1976), to support his contentions.

The Supreme Court in *Farris* found T.C.A. § 40–2707, which requires instructions on parole eligibility and other matters, to be unconstitutional. The majority of the Court in *Farris* held that the statute was unconstitutional because the body of the statute was broader than its caption. Because only two members of the Court found the statute void for vagueness, *Farris* is not binding authority for the proposition that the statute was unconstitutionally vague. *Adams v. State,* 547 S.W.2d 553 (Tenn. 1977).

We disagree with the defendant's argument that T.C.A. § 33–709 is void for vagueness because lay jurors cannot "determine from the statutory scheme which is presented to them the ramifications of a verdict of not guilty by reason of insanity." T.C.A. § 33–709 requires that a defendant found not guilty by reason of insanity be detained for a minimum of sixty (60) days for diagnosis and evaluation. After the diagnosis and evaluation, the Court shall determine whether the person is committable under T.C.A. § 33–604. If the person is not committable, the Court may order outpatient treatment. T.C.A. § 33–709(e) requires the trial court to instruct the jury on the provisions of this section. We find that persons of common intelligence could understand this statute. Therefore, we find the statute is not unconstitutionally vague.

The evidence fully justifies the finding that the defendant was sane at the time of the commission of the crime. The state offered a psychiatrist, who testified the defendant was not insane at the time of the crime. The defendant put on evidence from a psychiatrist, who concluded the defendant was insane at the time. This con-

clusion was based upon the defendant's statements to the psychiatrist regarding his use of drugs and alcohol prior to the crime. The defendant additionally put on evidence that the use of drugs and alcohol to the extent claimed would affect his sanity. As we have pointed out, there is no competent evidence in this record to show that the defendant had in fact ingested certain drugs and four to five beers prior to the crime. Other witnesses for the defendant testified the defendant had not "acted right" for some time.

The jury accepted the state's evidence on the insanity issue and rejected the defendant's evidence. The record supports this finding.

The defendant says he was denied a fair trial because the jury considered parole while reaching their verdict.

During the course of deliberations, the jury returned to the courtroom and asked the trial judge whether there were any parole dates applicable to these charges. The trial judge immediately instructed the jury that they were to reach their verdict without considering parole. The jury then completed deliberations and reported their verdict.

█ The presumption is that a jury follows the instructions of the court. *Craig v. State,* 524 S.W.2d 504 (Tenn.Cr.App. 1974). In order to overcome this presumption, an accused must show by clear and convincing evidence that such instruction was not followed. The defendant has not shown that the jury did not follow the admonition of the trial judge on this matter.

The defendant says T.C.A. § 39–2–603(a)(2) is unconstitutional and his conviction is thus void.

█ The defendant lacks standing to challenge the constitutionality of T.C.A. § 39–2–603(a)(2) because he was not indicted or convicted under T.C.A. § 39–2–603(a)(2). A person has no standing to contest the constitutionality of a statutory provision unless the provision he claims to be deficient has been used to deprive him of his rights. *Taylor v. State ex rel. Kirkpatrick,* 529 S.W.2d 692 (Tenn.1975).

█ The defendant was indicted and convicted under T.C.A. § 39–2–603(a)(1), which makes carnal knowledge unlawful if accomplished by force or coercion while armed with a weapon. He has no standing to contest the constitutionality of the provisions of T.C.A. § 39–2–603(a)(2) which have not affected him.

█ The defendant complains of misconduct by the state's attorney in closing argument. The defendant did not object to any of the comments about which he now complains. He has, therefore, waived any error regarding these comments. *State v. Sutton,* 562 S.W.2d 820 (Tenn.1978). In any event, we find the comments were not improper.

CORNELIUS, J., and RICHARD R. FORD, Special Judge, concur.