# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

**MARCH 1999 SESSION**

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **JIMMY WAYNE WILSON,** | * | C.C.A. 03C01-9806-CR-00206 |
| Appellant, | * | SULLIVAN COUNTY |
| vs. | * | Hon. Lynn W. Brown, Judge |
| **STATE OF TENNESSEE,** | * | (Petition for Habeas Corpus Relief) |
| Appellee. | * | |

For Appellant:

Jimmy Wayne Wilson
MCRCF-BMCX
P.O. Box 2000
Wartburg, TN  37887

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Jimmy Wayne Wilson, appeals the summary dismissal of his petition for a writ of habeas corpus by the Criminal Court for Sullivan County. On May 26, 1998, the Court dismissed the petition on the basis of the petitioner's failure to state a cognizable ground for relief. On appeal, the petitioner asserts that the trial court erroneously dismissed his petition, because his conviction and sentence as an habitual criminal are void. Following a thorough review of the record, we affirm the judgment of the trial court.

## Procedural History[1]

On January 18, 1985, a Sullivan County Grand Jury returned a presentment, charging the petitioner with one count of rape, occurring on October 12, 1984, and one count of habitual criminality. With respect to the habitual criminal charge, the State relied upon the following prior convictions of the petitioner:

1. 1971 conviction for assault with intent to commit second degree murder.
2. 1979 conviction for burglary of a motor vehicle.
3. 1980 conviction for perjury.[2]

A jury found the petitioner guilty of both counts contained in the presentment and sentenced the petitioner to life imprisonment. This court affirmed the petitioner's convictions and sentence on direct appeal. State v. Wilson, No. 717, 1986 WL

---

[1]In this post-conviction appeal, this court has also reviewed the record in this case on direct appeal. "[C]ourts may take judicial notice of ... court records in an earlier proceeding of the same case and the actions of the court thereon." Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987). Additionally, the appellate courts are authorized to supplement incomplete records by the terms of Tenn. R. App. P. 24(e) and may also consider the contents of their own court records in their consideration of related cases.

[2]The State also relied upon the petitioner's 1971 conviction for concealing stolen property. However, the Criminal Court of Sullivan County vacated this conviction in post-conviction proceedings. Wilson v. State, No. 909, 1991 WL 87245, at *3 (Tenn. Crim. App. at Knoxville, May 29, 1991).

12922 (Tenn. Crim. App. at Knoxville, November 14, 1986), perm. to appeal denied, (Tenn. 1987 and 1989).

Subsequently, the petitioner flooded the courts with various petitions for post-conviction and habeas corpus relief. All of these petitions were denied both by the trial court and, ultimately, by this court on appeal. Wilson, No. 909, 1991 WL 87245; Wilson v. State, No. 970, 1991 WL 99520 (Tenn. Crim. App. at Knoxville, June 12, 1991); Wilson v. State, No. 03C01-9203-CR-00104, 1992 WL 350809 (Tenn. Crim. App. at Knoxville, December 1, 1992), perm. to appeal denied, (Tenn. 1993); Wilson v. State, No. 03C01-9406-CR-00229, 1995 WL 215241 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1995); Wilson v. State, No. 03C01-9602-CC-00085, 1997 WL 214842 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1997); Wilson v. State, No. 03C01-9604-CC-00142, 1997 WL 459728 (Tenn. Crim. App. at Knoxville, August 12, 1997); Wilson v. State, No. 03C01-9612-CR-00452, 1997 WL 658991 (Tenn. Crim. App. at Knoxville, October 22, 1997), perm. to appeal denied, (Tenn. 1998); Wilson v. State, No. 03C01-9611-CR-00409, 1997 WL 672644 (Tenn. Crim. App. at Knoxville, October 30, 1997).

The petitioner filed this most recent petition for habeas corpus relief on April 20, 1998. In his petition and on appeal, the petitioner essentially alleges the following grounds for relief:

1.    "Whether the Trial Court Erred in First Considering Petitioner's Writ of Habeas Corpus as a Post-Conviction Petition; Then Dismissing the Writ, and Considering it a Writ of Habeas Corpus?"

2.    Whether the trial court properly dismissed the petition for a writ of habeas corpus.

   A.    Whether the trial court's instructions to the jury in the petitioner's habitual criminal trial were adequate.

3

B. Whether, in the petitioner's habitual criminal trial, the trial court should have determined the sufficiency of the predicate convictions prior to submitting them to the jury.

C. Whether the petitioner's habitual criminal conviction was supported by a sufficient number of prior felony convictions as required by Tenn. Code. Ann. § 39-1-801 (1982).

## Analysis

Initially, the procedural provisions of the habeas corpus statute are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Tenn. Code. Ann. § 29-21-107(b)(2) (1980) provides that a copy of any judgment of conviction must be attached to a petition for habeas corpus relief. Tenn. Code. Ann. § 29-21-107(b)(4) provides that copies of prior petitions for the writ of habeas corpus must be attached to the current petition. The petitioner failed to comply with either of these requirements, and this court could affirm the trial court's dismissal of the instant petition on this basis alone. See, e.g., State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965).

Moreover, Tenn. Code Ann. § 29-21-105 (1980) provides that a petition for habeas corpus relief should be filed in the court most convenient in point of distance to the applicant. The record reflects that the petitioner is incarcerated in Morgan County. Nevertheless, he filed his petition in Sullivan County. Although the petitioner states that the records pertaining to his case are located in Sullivan County, we have previously held that this contention does not constitute "sufficient reason" under Tenn. Code Ann. § 29-21-105 for filing a petition for a writ of habeas corpus in the court of conviction rather than the court closest to the applicant. See Muhammad v. State, No. 01C01-9707-CC-00300, 1997 WL 779095, at *1 (Tenn.

4

Crim. App. at Nashville, December 18, 1997). Moreover, although the petitioner asserts in his petition that potential witnesses are located in Sullivan County, the petitioner has failed to explain the relevance of any witness's testimony in these habeas corpus proceedings. If a claim would necessarily involve investigation beyond the face of the judgment or the record of the proceedings, the claim will not be cognizable in habeas corpus proceedings. See, e.g., Martin v. State, No. 02C01-9804-CC-00101, 1998 WL 467098, at *1 (Tenn. Crim. App. at Jackson, August 12, 1998).

We further note that, in his petition for habeas corpus relief, the petitioner refers on several occasions to the decision of the post-conviction court in his first post-conviction proceeding, challenging that court's findings and conclusions. The petitioner was entitled to appeal that decision, and *did* appeal that decision. This court largely rejected the petitioner's claims, but remanded his case for an evidentiary hearing on the issue of ineffective assistance of counsel. Wilson, No. 909, 1991 WL 87245. Following an evidentiary hearing, the post-conviction court again denied the petitioner relief. This court affirmed the post-conviction court's judgment. Wilson, No. 03C01-9203-CR-104, 1992 WL 350809.

The petitioner, in part, is using the current habeas corpus proceedings as a vehicle to again challenge the decision of the post-conviction court in his first post-conviction proceeding. Moreover, the petitioner has previously raised, on direct appeal and in other collateral proceedings, many of the issues currently before this court. While we acknowledge that, in contrast to petitions for post-conviction relief, petitions for habeas corpus relief are not strictly subject to principles of waiver and previous determination, surely at some point the process that is due a criminal defendant is done. Thus, this court has applied the principle of res judicata in

5

habeas corpus proceedings.  See, e.g., Yates v. Sundquist, No. 01C01-9707-CC-00299, 1998 WL 299290, at *2 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1998).

Notwithstanding these concerns and the petitioner's procedural omissions, and to the extent that judicial economy has any vestige of meaning in these proceedings, we will address all of the issues raised in the current petition in the completely unfounded hope that we might forestall future habeas corpus petitions raising these same issues.  Upon examination of the petition for habeas corpus relief and the petitioner's brief, we conclude that the petitioner has failed to state any cognizable ground for relief or, if cognizable, any ground that possesses merit.

First, the petitioner complains that the trial court entered a Preliminary Order denying the petitioner post-conviction relief prior to addressing the availability of habeas corpus relief.  However, we have previously held that a court is not bound by the title of a pleading, but has the discretion to treat the pleading according to the relief sought.  Bonds v. State, No. 01C01-9508-CC-00260, 1996 WL 170676, at *2 (Tenn. Crim. App. at Nashville, April 12, 1996)(citing Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995)).  Moreover, Tenn. Code. Ann. § 40-30-205(c) (1997) provides that a trial court may treat a habeas corpus petition as a petition for post-conviction relief.  As the convicting court, the Sullivan County Criminal Court was the appropriate venue for post-conviction proceedings.  Tenn. Code. Ann. § 40-30-204(a) (1997).  Accordingly, the trial court acted well within the bounds of its authority in first considering the availability of post-conviction relief and determining

that the applicable statute of limitations had long since expired.[3]

Moreover, the trial court properly dismissed the petition for habeas corpus relief. The Habeas Corpus Act requires a court to review a petition and dismiss it unless it alleges a cognizable ground for relief. Tenn. Code Ann. §§ 29-21-101 to –109 (1980). In other words, a petition for a writ of habeas corpus may be summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if the face of the petition does not present a cognizable claim. Mitchell v. Carlton, No. 03C01-9704-CR-00125, 1998 WL 8505, at *2 (Tenn. Crim. App. at Knoxville, January 12, 1998). See also State ex rel. Byrd v. Bomar, 381 S.W.2d 280, 283 (Ten. 1964).

The remedy of the writ of habeas corpus is limited to relief from void and not merely voidable judgments. Archer, 851 S.W.2d at 163; Passarella v. State, 891 S.W.2d 619, 628 (Tenn. Crim. App. 1994); Donald v. State, No. 01C01-9710-CR-00481, 1998 WL 468646, at *1 (Tenn. Crim. App. at Nashville, August 12, 1998), perm. to appeal denied, (Tenn. 1999). In other words, it must appear upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court was without jurisdiction or authority to convict or sentence a defendant, or that a defendant's sentence of imprisonment has expired. Archer, 851 S.W.2d at 164; Ritchie v. State, No. 03C01-9601-CC-00029, 1998 WL 855517, at *2 (Tenn. Crim. App. at Knoxville, December 10, 1998). The petitioner has not

_____

[3]Contrary to the petitioner's assertion in his brief, the trial court correctly noted that the statute of limitations applicable in the petitioner's case was three years. Tenn. Code. Ann. § 40-30-102 (Repealed, May 10, 1995). The petitioner's conviction became final on May 18, 1989. Accordingly, the statute of limitations expired in his case on May 18, 1992. Effective May 10, 1995, the legislature enacted the Post-Conviction Procedure Act of 1995. The 1995 Act provided a one year statute of limitations for post-conviction petitions. Tenn. Code. Ann. § 4-30-202(a) (1997). However, in Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997), our supreme court held that the new act did not revive cases in which the applicable statute of limitations had already expired.

carried his burden of establishing either a void judgment or an illegal confinement. Passarella, 891 S.W.2d at 627.

The petitioner asserts in his petition for habeas corpus relief that the trial court's instructions to the jury in his habitual criminal trial were inadequate pursuant to State v. McAfee, 737 S.W.2d 304 (Tenn. Crim. App. 1987). This court has repeatedly held that a challenge to a jury instruction does not present a claim for habeas corpus relief. See, e.g., King v. State, No. 01C01-9710-CR-00487, 1998 WL 712345, at *4 (Tenn. Crim. App. at Nashville, October 13, 1998), perm. to appeal denied, (Tenn. 1999). In any event, this issue is without merit. In McAfee, 737 S.W.2d at 308-309, this court held that the trial court committed reversible error by merely reading to the jury the habitual criminal statutes, without explaining that the defendant's record of criminal convictions must have included three predicate offenses at the time of the triggering offense. In contrast to the trial court in McAfee, the trial court in the instant case did *not* simply read the habitual criminal statutes to the jury. Rather, the record of the trial court proceedings reflects that the trial court's instructions followed the applicable pattern jury instructions. T.P.I. Crim. No. 32.01 (1988). These instructions included the explanation mandated in McAfee.

Additionally, although not entirely clear from the petition for habeas corpus relief, the petitioner apparently contends that the trial court in his habitual criminal trial should have ruled upon the sufficiency of his prior convictions under the habitual criminal statutes, before submitting the convictions to the jury.[4] Once again, the petitioner does not allege that the trial court was without jurisdiction or authority

---

[4]We note that, according to the record, the trial court did rule upon the sufficiency of the prior convictions prior to their submission to the jury. The sole exception was the conviction for concealing stolen property. However, this conviction was subsequently vacated by the Sullivan County Criminal Court and was not necessary to support the petitioner's habitual criminal conviction.

to convict or sentence him, or that his sentence of imprisonment has expired. This court has previously observed that "[a] petition for habeas corpus relief is an inappropriate procedure in which to review potential errors of a trial court." Yates, No. 01C01-9707-CC-00299, 1998 WL 299290, at *2.

In any case, the petitioner's assertion is without merit. The petitioner complains that, in approving the actions of the trial court, the post-conviction court in his first post-conviction proceeding incorrectly relied upon McMath v. State, 544 S.W.2d 902, 905 (Tenn. Crim. App. 1976). In McMath, 544 S.W.2d at 905, this court determined that the trial court correctly permitted the jury to hear evidence of a defendant's prior convictions before ruling that the convictions qualified as predicate convictions under the habitual criminal statutes.[5] The petitioner correctly argues that McMath has been overruled. However, McMath was overruled on an entirely different issue. See State v. Moore, 751 S.W.2d 464, 466 (Tenn. Crim. App. 1988)(citing State v. Cook, 696 S.W.2d 6, 7-8 (Tenn. 1985)). The narrow overruling of McMath provides no relief to the petitioner.

The petitioner also contends that he did not possess the requisite number of prior convictions under the habitual criminal statutes. Initially, we note that this court has previously held that the petitioner did possess the requisite number of prior felonies to qualify as an habitual offender. Wilson, No. 970, 1991 WL 87245, at *3; Wilson, No. 717, 1986 WL 12922, at *11. As already noted, at the

---

[5]The post-conviction court actually cited McMath for the closely related proposition that the State was permitted in an habitual criminal trial to introduce evidence of more than the requisite number of convictions because of the possibility that the defense might successfully dispute the validity of some of the convictions in subsequent proceedings. Similarly, on appeal from the post-conviction court's judgment, this court rejected the proposition that the petitioner's sentence was constitutionally void, because the trial court subsequently vacated the petitioner's conviction for concealing stolen property. Wilson, No. 909, 1991 WL 87245, at *3.

time of the petitioner's rape offense, his record included three felonies: felonious assault, perjury, and burglary. Tenn. Code. Ann. § 39-1-801 provided that, in order to qualify as an habitual offender, a defendant's prior criminal record must include at least three felony convictions, two of which were for offenses enumerated in specified statutes. The specified statutes included Tenn. Code. Ann. § 40-20-112, the "infamy statute." Tenn. Code. Ann. § 40-20-112, at the time of the petitioner's commission of rape, provided that the habitual criminal statutes only referred to crimes designated as infamous prior to May 18, 1981. Tenn. Code. Ann. § 40-20-112 (1982). Prior to that date, the infamy statute included both burglary and perjury. Id. Compiler's Notes; Tenn. Code. Ann. § 40-2712 (1975).

Nevertheless, the petitioner challenges the validity of his burglary and perjury convictions.[6] He first argues that his 1980 perjury conviction lacks a factual basis and his plea of guilt to perjury was not knowing and voluntary. Our supreme court has stated that habeas corpus proceedings do not constitute an available avenue of relief if extrinsic evidence is necessary to demonstrate that predicate convictions in an habitual criminal prosecution are anything but facially valid. Burford v. State, 845 S.W.2d 204, 209-210 (Tenn. 1992). Moreover, challenges to the voluntary and knowing nature of guilty pleas and challenges to a trial court's compliance with procedural requirements in accepting guilty pleas are not cognizable issues in habeas corpus proceedings. Archer, 851 S.W.2d at 164; State v. Lord, 894 S.W.2d 312, 316 (Tenn. Code. Ann. 1994). See also Ransom v. State, No. 01C01-9410-CR-00361, 1995 WL 555064, at *2 (Tenn. Crim. App. at Nashville, 1995)(a complaint that a defendant's guilty pleas to predicate offenses in an habitual criminal prosecution were invalid rendered the habitual criminal conviction voidable,

---

[6]We note at the outset that, in Wilson, No. 03C01-9604-CC-00142, 1997 WL 459728, at *2, this court concluded that the petitioner's judgments of conviction in the burglary, perjury, and felonious assault cases are at most voidable, and not void.

not void).  This claim is without merit.

The petitioner next alleges that he could not have committed perjury, because he had previously been declared infamous and was not qualified to give evidence.  Even assuming that the petitioner's allegation would render his perjury conviction void, this allegation is without merit.  In 1953, in Chapter 194 of the Public Acts of 1953, the legislature amended the infamy statute to remove any disqualification from testifying because of conviction of an infamous crime.  The petitioner's perjury offense occurred in 1979.  Moreover, even if the petitioner's infamous status pre-dated 1953, the supreme court held in Strunk v. State, 348 S.W.2d 339, 343-344 (Tenn. 1957), that the 1953 amendment removed the disqualification from those convicted of infamous crimes prior to amendment of the infamy statute.[7]  Additionally, even prior to the 1953 amendment, the fact that a defendant had been previously rendered infamous did not constitute a defense to perjury.  Williams v. State, 244 S.W.2d 996, 997  (Tenn. 1951).

The petitioner also alleges that burglary of an automobile does not constitute a burglary within the meaning of the pre-1981 infamy statute.  Once again, even assuming that this allegation would render the petitioner's conviction and sentence void, we addressed and rejected this argument on direct appeal in this case.  We relied upon the supreme court's decision in Hickson v. State, 270 S.W.2d 313, 314-315 (1954), in which our supreme court concluded that the term "burglary" in the infamy statute included breaking into a freight car.  The court noted that the offense of breaking into a freight car was contained in § 10914 of the 1932 Code, as amended by the Acts of 1941.  Id.  The offense set forth in that statutory provision

---

[7]Gaskin v. Collins, 661 S.W.2d 865 (Tenn. 1983), did not affect the holding in this case, as Gaskin rested upon the state constitutional provision prohibiting retroactive disenfranchisement.

also included breaking into an automobile. Thus, the decision in Hickson is controlling in this case. Nevertheless, the petitioner argues that the supreme court's decision is erroneous. We simply conclude that this court is bound by the decisions of our supreme court. Thompson v. State, 958 S.W.2d 156, 173 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1997).

Finally, the petitioner argues that the infamy statute as it existed prior to 1981 was unconstitutionally vague. Moreover, the petitioner argues that if the statute prior to 1981 included burglary of an automobile, the caption of the statute was unconstitutional. Of course, the challenged statute was only in existence at the time of the petitioner's offense and convictions to the extent that the statute was incorporated into the habitual criminal statutes. Thus, the petitioner is really challenging the constitutionality of the habitual criminal statutes. If the habitual criminal statutes were unconstitutional, they would have been void from the date of enactment, and the trial court would have lacked subject matter jurisdiction to hear the petitioner's case. See Capri Adult Cinema v. State, 537 S.W.2d 896, 900 (Tenn. 1976); Herron v. Raney, No. 02C01-9805-CC-00153, 1998 WL 725797, at *1 (Tenn. Crim. App. at Jackson, October 19, 1998). Thus, this claim would be cognizable in habeas corpus proceedings. Herron, No. 02C01-9805-CC-00153, 1998 WL 725797, at *1.

However, the petitioner's claim is without merit. First, the title of the pre-1981 infamy statute has no bearing upon the petitioner's case. Again, the petitioner is effectively challenging the constitutionality of the habitual criminal statutes. The pre-1981 infamy statute is implicated in the petitioner's case only to the extent that the listed offenses were incorporated into the habitual criminal statutes. Second, the petitioner has no standing to contest the constitutionality of

those sections or parts of a statute which do not affect him.  State v. Vanzant, 659 S.W.2d 816, 819 (Tenn. Crim. App. 1983); State v. Garrison, No. 03C01-9702-CC-00047, 1998 WL 103318, at *18 (Tenn. Crim. App. at Knoxville, February 27, 1998), perm. to appeal granted, (Tenn. 1998).  In this case, the only parts of the pre-1981 infamy statute which affected the petitioner were those parts referring to burglary and perjury.  With respect to these parts, the petitioner arguably asserts that the word "burglary" is unconstitutionally vague.

This court has previously concluded that, to the extent the habitual criminal statutes relied upon the infamy statute to define triggering offenses, the statutes provided adequate notice to a defendant of the triggering offense of third degree burglary.  State v. Hodge, No. 6, 1987 WL 13169, at *3 (Tenn. Crim. App. at Jackson, June 30, 1987).  In this case, we similarly conclude that, to the extent the habitual criminal statutes relied upon the infamy statute to define the predicate convictions, the petitioner was provided with adequate notice of the predicate offense of burglary of an automobile.  The clarity of a statute required by due process may be derived from sources other than the statutory language, including judicial interpretations.  State v. Hayes, 899 S.W.2d 175, 181 (Tenn. Crim. App. 1995).  As noted earlier, our supreme court in Hickson, 270 S.W.2d at 313, clarified the meaning of "burglary" as set forth in the pre-1981 infamy statute.  This issue is without merit.

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court dismissing the petition for habeas corpus relief.

_____
_____Norma McGee Ogle, Judge

CONCUR:


_____
Gary R. Wade, Presiding, Judge


_____
Cornelia A. Clark, Special Judge

14