IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2016 Session

**STATE OF TENNESSEE v. ROBERT ANDREW HAWKINS**

**Appeal from the Criminal Court for Claiborne County**
**No. 2013-CR-1631      E. Shayne Sexton, Judge**

_____

**No. E2015-01542-CCA-R3-CD – Filed September 19, 2016**

_____

The Defendant, Robert Andrew Hawkins, was convicted by a Claiborne County jury of aggravated kidnapping and two counts of aggravated assault. For these offenses, he received an effective sentence of sixteen years' in the Tennessee Department of Correction. On appeal, he argues that the trial court erred by denying his motion for a mistrial and abused its discretion by imposing consecutive sentences. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jonathan M. Holcomb, Morristown, Tennessee, for the Defendant-Appellant, Robert Andrew Hawkins.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Lori Phillips-Jones, District Attorney General; and Amanda H. Sammons, Matthew McClung, and Graham E. Wilson, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

Four days after the victim, Anna Falce, required her live-in boyfriend, Hawkins, to vacate her home, he returned, held her hostage for over three hours, and viciously attacked her. As a result of the attack, the Claiborne County Grand Jury indicted Hawkins for aggravated burglary in count one, especially aggravated kidnapping in count two, aggravated domestic assault in counts three and four, and coercion of a witness in count five. After a trial, Hawkins was acquitted in counts one and five, convicted of the lesser included offense of aggravated kidnapping in count two, and convicted of aggravated assault in counts three and four. In this appeal, Hawkins does not challenge

the sufficiency of the evidence to support any of his convictions. Rather, he argues only that the trial court improperly denied his request for a mistrial and abused its discretion in ordering consecutive sentencing. As such, we will outline the facts as pertinent to the issues raised in this appeal.

Prior to jury selection, Hawkins requested a mistrial because he was brought into court in handcuffs in view of the prospective jury panel. The circumstances surrounding this incident are not entirely clear from the record; however, it is undisputed that Hawkins was brought from the detention cell in the back of the courtroom while in handcuffs in view of at least some of the jurors. The trial court denied the motion and instead issued the following curative instruction to the jury:

> [T]here may have been some ideas that the defendant may be incarcerated or may be on bail, whatever. Understand that the defendant's presence, wherever he is, whether he is incarcerated or at home on bail, is irrelevant at this point in the trial. You understand that the defendant is presumed innocent throughout the trial and only until the State has met the burden of proof beyond a reasonable doubt can the defendant be guilty. So whether or not he is incarcerated, whether or not he is at home on bail is irrelevant for your purposes.

At the June 2, 2014 sentencing hearing, Hawkins' presentence report was introduced into evidence without objection. Hawkins' criminal history includes numerous felony and misdemeanor convictions in both Tennessee and Kentucky, including convictions for domestic assault, domestic violence, aggravated assault, and theft.

The victim testified at the sentencing hearing that she suffered from severe panic attacks, feared being alone in her home, was forced to seek counseling, and missed approximately a month of work as a result of the attack. The victim's twelve-year-old daughter also suffered emotional damage from the attack and feared that Hawkins would return and hurt the victim. The victim's mother, Rebecca Falce, also testified and echoed the sentiments of her daughter regarding the impact of the attack on both the victim and the victim's daughter.

Following the arguments of counsel, the trial court sentenced Hawkins as a Range I, standard offender and enhanced his sentence based on enhancement factor (1), that the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (5), that the defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense; and (10), that the defendant had no hesitation about committing a crime when

the risk to human life was high. T.C.A. § 40-35-114(1), (5), (10). The trial court declined to find any mitigating factors and imposed a sentence of eleven years for aggravated kidnapping in count one and five years for each aggravated assault conviction in counts three and four. The court ordered the aggravated assault convictions to be served concurrently with each other but consecutively to the aggravated kidnapping conviction for a total effective sentence of sixteen years' in confinement. Hawkins filed a motion for new trial on July 2, 2014, which the trial court denied after a hearing on November 20, 2015. This timely appeal follows.

## ANALYSIS

**I. Mistrial.** Hawkins first argues that the trial court erred by denying his motion for a mistrial after he was brought in front of the jury in handcuffs. Hawkins acknowledges that the trial court issued a curative instruction, but asserts that the instruction "in no way could ever 'un-ring the bell' of what the jury had seen." The State responds that the trial court did not abuse its discretion in determining that a curative instruction was a sufficient remedy. We agree with the State.

The decision to grant or deny a mistrial rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Nash, 294 S.W.3d 541, 546 (Tenn. 2009); State v. Robinson, 146 S.W.3d 469, 494 (Tenn. 2004). A trial court should declare a mistrial "only upon a showing of manifest necessity." Robinson, 146 S.W.3d at 494 (citing State v. Saylor, 117 S.W.3d 239, 250-51 (Tenn. 2003)). "'In other words, a mistrial is an appropriate remedy when a trial cannot continue, or a miscarriage of justice would result if it did.'" Saylor, 117 S.W.3d at 250 (quoting State v. Land, 34 S.W.3d 516, 527 (Tenn. Crim. App. 2000)). "'The purpose for declaring a mistrial is to correct damage done to the judicial process when some event has occurred which precludes an impartial verdict.'" State v. Reid, 164 S.W.3d 286, 341-42 (Tenn. 2005) (quoting State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996)). The party seeking a mistrial has the burden of establishing the necessity for a mistrial. Reid, 164 S.W.3d at 342 (citing Williams, 929 S.W.2d at 388). In determining whether a trial court abused its discretion in granting or denying a mistrial, this court should consider the following factors: "(1) whether the State elicited the testimony, (2) whether the trial court gave a curative instruction, and (3) the relative strength or weakness of the State's proof." State v. Welcome, 280 S.W.3d 215, 222 (Tenn. Crim. App. 2007) (citing State v. Lawrence Taylor, No. W2002-00183-CCA-R3-CD, 2003 WL 402276, at *10 (Tenn. Crim. App. Feb. 14, 2003)).

On the first day of Hawkins' trial, prior to the jury being sworn or selected, Hawkins was brought into the courtroom while wearing handcuffs. At oral argument, defense counsel estimated that Hawkins was handcuffed in the presence of the jury for

approximately thirty seconds before the handcuffs were removed. Nevertheless, trial counsel immediately moved for a mistrial. After argument from Hawkins' counsel and the State, the trial court denied the motion for a mistrial, issued a curative instruction to the jury, and explained its reasoning as follows:

> The question really becomes to what extent might this jury have been unduly influenced by what they saw, how many saw it, how many didn't see it. Although, as [defense counsel] has stated, the defendant has the presumption of innocence and that would be maintained throughout the pendency of the trial . . . the Court not only will give the jury charge concerning reasonable doubt and presumption of innocence, I will give a pre-charge instruction to that effect as well. Before the jury ever begins working on this case, they will hear from the Court that the defendant is presumed innocent and they are not to – and that presumption is not rebutted until the State has shown adequate evidence. [W]ithout saying more I'm [going to] find that the motion for mistrial is overruled . . . I believe there has been no showing that [there] has been actual prejudice or harm done by anything within the Court concerning the handling of the defendant.

Upon our review of the record, we conclude that the trial court did not abuse its discretion in issuing a curative instruction rather than granting Hawkins' motion for a mistrial. Significantly, Hawkins was not tried before a jury while wearing handcuffs or shackles. Rather, Hawkins was brought into the courtroom before the jury selection process began. This court has consistently distinguished between incidental sightings of a defendant in handcuffs or shackles and instances where a defendant is tried while wearing restraints. As this court stated in State v. Baker:

> Common sense must prevail in such instances where a jury or jurors inadvertently see a defendant dressed in prison clothing. Reason dictates that they must know a person on trial is either on bail or in confinement during the course of a trial.

751 S.W.2d 154, 164 (Tenn. Crim. App. 1987); see also State v. Groseclose, 615 S.W.2d 142, 148 (Tenn. 1981); State v. Keele, 644 S.W.2d 435, 438 (Tenn. Crim. App. 1982); State v. Cyntoia Denise Brown, No.M2007-00427-CCA-R3-CD, 2009 WL 1038275, at *27 (Tenn. Crim. App. Apr. 20, 2009), perm. app. denied (Tenn. Sept. 28, 2009); State v. Charles Wade McGaha, No.E2006-01984-CCA-R3-CD, 2008 WL 148943, at *10 (Tenn. Crim. App. Jan. 16, 2008), perm. app. denied (Tenn. June 23, 2008); State v. James Wesley Daniels, No.E2006-01119-CCA-R3-CD, 2007 WL 2757636, at *6 (Tenn. Crim. App. Sept. 24, 2007), perm. app. denied (Tenn. Feb. 4, 2008); State v. Bobby W.

Lineberry, No.01C01-9412CC-00439, 1995 WL 441608, at *4 (Tenn. Crim. App., at Nashville, July 26, 1995). As in the aforementioned cases, Hawkins has failed to show that he was prejudiced by this incidental occurrence or that the jury failed to follow the curative instruction given by the trial court, as they are presumed to do. State v. Vanzant, 659 S.W.2d 816, 819 (Tenn. Crim. App. 1983) ("The presumption is that a jury follows the instruction of the court.") (citing Craig v. State, 524 S.W.2d 504 (Tenn. Crim. App. 1974)). He is not entitled to relief.

**II. Consecutive Sentencing.** Hawkins also challenges the trial court's imposition of an effective sentence of sixteen years in confinement. Hawkins does not challenge the length of any of his specific sentences and instead argues that the trial court abused its discretion imposing partial consecutive sentences. The State responds that the trial court's imposition of consecutive sentencing was well within its considerable discretion. We agree with the State.

Where a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. T.C.A. § 40-35-115(a). The Tennessee Supreme Court has held, "[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations." State v. Pollard, 432 S.W.3d 851, 860 (Tenn. 2013). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of seven categories enumerated in code section 40-35-115(b). Those categories include:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood; (2) The defendant is an offender whose record of criminal activity is extensive; (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences; (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high; (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; (6) The defendant is

sentenced for an offense committed while on probation; or (7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b). An order of consecutive sentencing must be "justly deserved in relation to the seriousness of the offense." T.C.A. § 40-35-102(1); see State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). In addition, the length of a consecutive sentence must be "no greater than that deserved for the offense committed." T.C.A. § 40-35-103(2); Imfeld, 70 S.W.3d at 708. This court has held that "an extensive criminal history, standing alone, is enough to justify the imposition of consecutive sentencing." State v. Nelson, 275 S.W.3d 851, 870 (Tenn. Crim. App. 2008) (citing State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997)).

In imposing partially consecutive sentences, the trial court determined that Hawkins "is an offender whose record of criminal activity is extensive," and referred to the convictions listed in the presentence report. The presentence report reflects that Hawkins' criminal record began in 1999 when he was eighteen years old and includes felony and misdemeanor convictions in both Tennessee and Kentucky. Although the majority of Hawkins' convictions were for misdemeanor offenses, this court has held that misdemeanor convictions alone can support the imposition of consecutive sentences. See State v. Marquon Lanorris Green, No. W2012-0164-CCA-R3-CD, 2013 WL 2405217, at *7 (Tenn. Crim. App. May 30, 2013), perm. app. denied (Tenn. Oct. 25, 2013). As noted, the existence of only one factor is sufficient to impose consecutive sentencing. See T.C.A. § 40-35-115(b); Pollard 423 S.W.3d at 862 ("Any one of these grounds is a sufficient basis for the imposition of consecutive sentences.") (citing State v. Dickson, 413 S.W.3d 735, 748 (Tenn. 2013)). The record fully supports the trial court's finding in this regard, and we discern no abuse of discretion by the trial court in imposing partially consecutive sentences. Hawkins is not entitled to relief.

## CONCLUSION

Pursuant to the foregoing authority and analysis, we affirm the judgments of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE