**STATE of Tennessee, Appellee,**

v.

**Robert Eugene COLE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 3, 1981.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, Thomas Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

A. C. Wharton, Jr., Public Defender, Joe B. Jones, Asst. Public Defender, Memphis, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was convicted in the Shelby County Criminal Court for the offense of robbery with a deadly weapon and sentenced to a term of ten (10) years in the penitentiary. He was adjudged to be an habitual criminal with his punishment enhanced to life imprisonment.

Defendant's complaint relative to the sufficiency of the evidence is without merit. He was apprehended in the process of making his escape from the robbery of a convenience market. He was the driver of the getaway car while his female companion engaged in the actual robbery of the market. The passage of their automobile

from the market was blocked by a police car driven by a police officer. Defendant endeavored to distract the officer in an effort to enable his accomplice to escape. She testified at trial to the effect that the robbery plan was conceived by him.

 The record reflects that the habitual criminal conviction was substantiated by evidence of two former convictions for armed robbery, a burglary conviction, conviction for assault with intent to commit rape, and two convictions for the fraudulent use of a credit card. These offenses all come within the scope of the provisions of T.C.A. § 40–2801 which defines an individual's status as an habitual criminal.

 Defendant says it was an abuse of discretion to deny a motion for continuance to permit trial counsel to prepare his defense.

Defendant was indicted on January 23, 1979, a final judgment was entered on October 16, 1980. Defendant was found to be indigent and the Public Defender of Shelby County was appointed to represent him shortly after his indictment. This representation continued throughout the intervening period although various members of the Public Defender's staff were assigned to the case at different intervals, due largely to defendant's misconduct.[1] The lead counsel at his second trial had assisted in defendant's first trial and was thoroughly familiar with the case. The case was fully investigated by the Public Defender's staff and there is absolutely no evidence in this record that he was not ably, competently and effectively represented throughout the proceedings.

 Error is claimed in the exclusion of defendant from the courtroom as a result of disruptive behavior on his part.

Throughout the progress of this case defendant engaged in violent and disruptive conduct in the courtroom with the apparent purpose of delaying or interrupting the trial proceedings. This conduct included striking

an assistant attorney general rendering him unconscious, making a physical attack upon his own appointed defense counsel, seemingly feigning spells of unconsciousness, and on one occasion making what appeared to be an attempt at suicide by ingesting a large quantity of narcotic pills. He was repeatedly admonished by the trial judge that he would be banished from the courtroom if these disruptive episodes continued. Ultimately he was excluded from the courtroom but afforded the opportunity to communicate with counsel during the trial. Subsequently he was given the opportunity to return to the courtroom which he declined. Counsel concedes that an individual may sacrifice his right to be present at trial if he insists on conducting himself in a manner so disorderly, disruptive, or disrespectful that the trial cannot proceed with him present in the courtroom. See *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Tennessee Rule of Criminal Procedure No. 43. It is plain defendant waived his right to be present in the courtroom during the course of his trial.

 Defendant has filed a multitude of pro-se petitions and motions from his place of incarceration. Most of these have been previously overruled or the charges raised by them discussed in this opinion. The most recent of these is styled a "Motion to Vacate Pending Appeal and Permission to Submit Revised Appeal." This is accompanied by a document styled "Revised Appeal of Conviction." The general tenor of this document consists of complaint of defendant's trial counsel. Neither the United States Constitution nor the Constitution of the State of Tennessee, according a defendant the right of self-representation at conviction trial proceedings, confer a similar privilege at appellate proceedings, including post-conviction review. See *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). However, due to the serious charges made against trial counsel and the various assertions of error in the trial pro-

---

1. A mistrial was called at defendant's first trial due to his physical assault on his trial counsel in the courtroom.

ceedings we have studied this document carefully and find none of the charges which it contains to have any merit. The defendant was zealously and effectively represented by counsel at trial in the face of overwhelming evidence of his guilt and his persistent efforts to disrupt the trial proceedings. The trial judge too took every precaution to preserve defendant's rights to a fair and just trial under the most trying and difficult conditions which were brought about by defendant's conduct.

We find that defendant was afforded a fair and proper trial and affirm the judgment of the trial court.

CORNELIUS and SCOTT, JJ., concur.