FILED

04/23/2026

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. WILLIAM P. EBLEN**

**General Sessions Court for Knox County
Nos. 1610810 and 1591356**

_____

**No. E2026-00566-CCA-R3-CD**

_____

**ORDER**

On April 20, 2026, the Defendant filed a pro se notice of appeal seeking an appeal from the final judgments of the Knox County General Sessions Court. Accompanying the notice of appeal is a motion to proceed pro se on appeal. The Defendant asserts that he has requested that his appointed attorney withdraw from representation because counsel has refused to appeal the general sessions court judgments.

At the outset, the court takes note of its own jurisdiction. *See* Tenn. R. Crim. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]"). Our jurisdiction is "appellate only" and extends to the review of final judgments in trial court's arising out of criminal prosecutions and certain collateral matters related thereto. Tenn. Code Ann. § 16-5-108. An appeal of a general sessions court judgment, however, is accomplished by seeking an appeal in the circuit or criminal court "of the county [of conviction] within a period of ten (10) days." Tenn. Code Ann. § 27-5-108(a)(1). Thus, this court does not have jurisdiction to review a judgment arising from general sessions court.

Also, a party may not proceed pro se in this court when he or she also is represented by counsel. *See State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976); *State v. Cole*, 629 S.W.2d 915, 917 (Tenn. Crim. App. 1981). Therefore, the notice of appeal in this case may arguably be a nullity. *See State v. Strowder*, No. E2024-00537-CCA-R3-CD, 2025 WL 659273, at *2 n.1 (Tenn. Crim. App. Feb. 26, 2025), *perm. app. denied* (Tenn. June 20, 2025).

Moreover, the trial court clerk has informed the appellate court clerk that Defendant's counsel filed an appeal in the criminal court that is pending adjudication.

With these considerations in mind, the Defendant's motion to proceed pro se is not well-taken and is respectfully DENIED. Because this court lacks jurisdiction to review the general sessions court's judgments, this appeal is DISMISSED. Because the Defendant has been determined to be indigent, the costs associated with this proceeding are taxed to the State of Tennessee.

JUDGE TOM GREENHOLTZ
JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE STEVEN W. SWORD