IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. MAWULE TEPE**

**Criminal Court for Bradley County**
**No. 26-CR-058**

_____

**No. E2026-00907-CCA-T10B-CO**

_____

**ORDER**

The Defendant, Mawule Tepe, has filed a pro se petition seeking the recusal of Bradley County General Sessions Court Judge Clayton Collins and Bradley County Criminal Court Judge Andrew M. Freiberg from presiding over any of the Defendant's pending proceedings in those courts. *See* Tenn. Sup. Ct. R. 10B § 2.01. We have determined that an answer from the State is not necessary. *Id*. §2.05 ("[i]f the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal"). Following our review, the Defendant's petition is summarily DISMISSED.

**BACKGROUND**

In general sessions court case number 25-CR-3456, the Defendant was charged with stalking. At arraignment, the general sessions court appointed the Public Defender as counsel for the Defendant. On December 17, 2025, the Defendant filed a pro se motion to recuse the general sessions court. On January 8, 2026, the case was bound over to the grand jury.

Subsequently, in general sessions court case number 26-CR-229, the Defendant was charged with aggravated stalking. The case was bound over to the grand jury on February 10, 2026.

On February 18, 2026, the grand jury indicted the Defendant for one count of stalking and one count of aggravated stalking. On May 6, 2026, the Defendant filed a pro se motion to recuse the trial court, in which he claimed that the trial court has abandoned its duties and exhibited bias by not ruling on multiple pro se pleadings challenging the condition of his bail, the general sessions court revocation of his bail, the authority of the

prosecutor, and the legality of his arrest. The Defendant avers that neither court has ruled on the motions to recuse.

The trial court clerk has provided to this court a copy of the trial court's March 30, 2026 order permitting the Public Defender to withdraw from further representation and substituting appointed counsel to represent the Defendant in the trial proceedings.

## ANALYSIS

Tennessee Supreme Court Rule 10B section 2.01 provides "an accelerated interlocutory appeal as of right" from "an order denying a motion for [a] judge's disqualification." Such an appeal is initiated by an appellant's filing a petition for recusal within 15 days from the order denying the motion to recuse. *See id*. § 2.02. Akin to an appellate brief, the petition must contain a statement of the issues, statement of facts, argument, and conclusion stating the relief sought. *See id*. § 2.03. The petition must also "be accompanied by copies of any order or opinion and any other parts of the record necessary for determination of the appeal." *Id*.

The petition is procedurally inapt because, as the Defendant acknowledges, neither court has ruled upon the Defendant's pro se motions to recuse. The entry of an order is prerequisite to this court's review. Moreover, because the Defendant is represented by counsel, he is precluded from filing a pro se motion to recuse. *Id*. § 1.01 (stating that "[a] party who is represented by counsel is not permitted to file a pro se motion under this Rule"); *see also State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976); *State v. Cole*, 629 S.W.2d 915, 917 (Tenn. Crim. App. 1981). Likewise, the courts below were not obliged to the rule upon the pro se motions. Indeed, the petition before this court—filed pro se while represented by counsel—is a nullity. *State v. Huerta*, No. E2025-00063-CCA-R3-CD, 2026 WL 1450981, at *4-5 (Tenn. Crim. App. May 22, 2026).

## CONCLUSION

Accordingly, the petition is summarily DISMISSED. Because the Defendant has been determined to be indigent, the costs associated with this action are taxed to the State of Tennessee.

JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE TOM GREENHOLTZ
JUDGE STEVEN W. SWORD